■ In the Matter of JANET F. ADAMCHICK, Respondent, v THOMAS W. ADAMCHICK, Appellant. (And Another Related Proceeding.)—Casey, J. Appeal from an order of the Family Court of Montgomery County (Aison, J.), entered January 12, 1987, which, in proceedings pursuant to Family Court Act article 4, *inter alia,* denied respondent's application for modification of support payments.

Respondent commenced a proceeding to modify an order fixing his child support obligation for his daughter. When the matter was adjourned, he unilaterally ceased making the weekly payments fixed by the prior order and thereafter petitioner instituted a violation proceeding. In both proceedings, respondent contends that he was relieved of the obligation to support his daughter by her emancipation following her 18th birthday. Respondent bases his claim of emancipation upon his daughter's election to pursue full-time employment after several semesters of college. Respondent also claims that emancipation occurred pursuant to the terms of a stipulation which was incorporated into the parties' divorce decree. The stipulation contained a provision governing certain bank accounts established for the parties' children pursuant to the Uniform Gift to Minors Act (EPTL 7-4.1 *et seq.),* which provided that any withdrawal from the account prior to the beneficiary's 21st birthday would be considered an emancipating event to the extent that respondent's support obligation would be reduced by the amount withdrawn, unless the withdrawn funds were used for certain specified purposes including education expenses.

Following a joint hearing on respondent's modification petition and petitioner's violation petition, at which only the

parties testified, the Hearing Examiner concluded that the parties' daughter was emancipated as of September 1985 and found that respondent had failed to make required support payments during the period from September 1984 to September 1985. Family Court rejected respondent's objections to the Hearing Examiner's report and this appeal ensued.

Respondent's main argument on appeal is that Family Court erred in its assessment of which party had the burden of proof at the hearing. On the issue of the daughter's emancipation due to her pursuit of full-time employment instead of college, respondent, as the party asserting emancipation, bore the burden of proof *(see, Gittleman v Gittleman,* 81 AD2d 632, 633). Instead of calling his daughter as a witness, respondent chose to rely upon his own testimony and the bill of particulars provided by petitioner. Respondent conceded that he was unsure of the date that his daughter withdrew from college to become employed full time, and the bill of particulars is also unclear. Petitioner, however, testified that her daughter decided to pursue full-time employment instead of college in September 1985. We, therefore, see no basis for disturbing the fact finder's decision to accept September 1985 as the date of emancipation.

On the issue of emancipation under the terms of the stipulation, respondent contends that once he introduced proof of withdrawals from the bank account established for his daughter, the burden shifted to petitioner to go forward with proof that the withdrawn funds were used for one of the specified purposes. It is conceded that the parties' daughter withdrew $2,800 from the account. Respondent testified that he discussed the account with his daughter and told her to use it to pay educational expenses, including a car for commuting to college. Petitioner testified that her daughter used the funds withdrawn from the account to pay for educational expenses only. Respondent argues that petitioner was required to call the daughter to testify as to how the withdrawn funds were spent, but since petitioner testified without objection that they were spent for educational purposes, we conclude that there was ample proof in the record from which the fact finder could conclude that the withdrawals did not trigger the emancipation provision of the stipulation.

The remaining arguments raised by respondent are without merit and, therefore, Family Court's order should be affirmed.

Order affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.