■ ROBERT A. POWERS, Appellant, v JUDITH C. POWERS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated October 19, 1988, which, after a

nonjury trial, *inter alia,* awarded the defendant wife maintenance of $100 per week for five years, and $44,000 in arrears of pendente lite maintenance plus interest.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's contention that both the pendente lite and permanent maintenance awards were excessive in light of his income and assets is without merit. The trial court properly found that the evidence demonstrated that he was earning $50,000 per year. He admitted to his wife that he earned $50,000 per year and admitted at trial that his gross income was between $36,800 and $38,000 per year, plus reimbursement for the cost of gasoline and maintenance for his truck. Under the circumstances, the trial court was not bound by the plaintiff's tax returns but was free to find that his actual income was higher than he had reported *(see, Rosenberg v Rosenberg,* 155 AD2d 428, 431; *Bizzarro v Bizzarro,* 106 AD2d 690, 692).

Furthermore, an award of maintenance is not determined by actual earnings but, rather, by earning capacity *(see, Kay v Kay,* 37 NY2d 632, 637; *Rosenberg v Rosenberg, supra,* at 431; *Cusimano v Cusimano,* 149 AD2d 397, 399). In the instant case, the husband has the education, experience, and proven ability to earn enough money to pay the instant award, while the wife lacks the education, experience, training, and health necessary to be self-supporting at any time in the foreseeable future. To the extent possible, the wife is entitled to an award of maintenance sufficient to maintain her preseparation standard of living *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941) or at least to be restored to her premarriage economic situation *(see, Wilson v Wilson,* 101 AD2d 536, 541-542). Accordingly, the court was justified in awarding maintenance of $100 per week for five years based upon the wife's unrefuted proof that her needs were $422 per week *(see, Kay v Kay, supra,* at 636).

Significantly, the husband, prior to the trial, had been found in contempt for failing to pay pendente lite maintenance. Since his default in payment was clearly willful, interest on the arrears was mandatory *(see,* Domestic Relations Law § 244).

We have considered the husband's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.