■ ELLEN BEIGE, Respondent, v JOEL BEIGE, Appellant. [632 NYS2d 826] —In an action for divorce and ancillary relief, the defendant appeals (1) from stated portions of an order of the Supreme Court, Nassau County (Kutner, J.), entered July 6, 1993, which, *inter alia,* granted the branch of the plaintiff's omnibus motion for pendente lite relief which was for an award of interim accountant's fees to the extent of awarding $2,500, (2) as limited by his brief, from stated portions of an order of the same court, dated April 8, 1994, which, *inter alia,* granted the plaintiff's motion for leave to enter a judgment for arrears in child support and maintenance and denied his cross motion for a downward modification; (3) from an order of the same court, dated July 1, 1994, which granted the plaintiff's motion for leave to enter a money judgment in the sum of $5,346.01, (4) from a judgment of the same court, dated July 20, 1994, entered upon the order dated July 1, 1994, (5) from a judgment of the same court, dated July 20, 1994 entered upon the order dated April 8, 1994, (6) from stated portions of an order of the same court, dated July 28, 1994, which, *inter alia,* granted the plaintiff's motion for leave to enter a money judgment in the sum of $14,596.09, and (7) from a judgment of the same court, dated August 3, 1994, entered upon the order dated July 28, 1994.

Ordered that the appeals from the orders dated April 8, 1994, July 1, 1994, and July 28, 1994, respectively, are dismissed; and it is further,

Ordered that the order entered July 6, 1993, and the judgments are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders dated April 8, 1994, July 1, 1994, and July 28, 1994, respectively, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgments thereon *(cf., Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeals from the judgments *(see,* CPLR 5501 [a] [1]).

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(see, Bagner v Bagner,* 207 AD2d 367). The general rule continues to be that

the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see, Gianni v Gianni, 172 AD2d 487). As this Court has repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (see, Polito v Polito, 168 AD2d 440; Shapiro v Shapiro, 163 AD2d 294), and they are to be determined with due regard for the preseparation standard of living (see, Salerno v Salerno, 142 AD2d 670). Based on these considerations, we conclude that the pendente lite award of the Supreme Court is proper under the circumstances of this case and should not be disturbed on appeal.

In addition, the Supreme Court properly awarded appraiser's fees to the plaintiff even though the defendant's corporation had a shareholder's agreement with a provision for valuating shares. The Court of Appeals has held that a shareholder's agreement that fixes the price of stock in a closely held corporation is not conclusive evidence of the value of the stock (see, Amodio v Amodio, 70 NY2d 5). Rather, the shareholder's agreement is only one factor which should be considered in evaluating the value of the stock (see, Amodio v Amodio, supra).

The Supreme Court properly awarded the plaintiff leave to enter money judgments for arrears in child support and maintenance as the defendant defaulted on his pendente lite support payments without good cause (see, Domestic Relations Law § 244).

There was no material adverse change in the defendant's financial circumstances to support a downward modification (see, Domestic Relations Law § 236 [B] [9] [b]). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.