■ STEPHEN BORIS, Respondent, v JANE BORIS, Appellant. [666 NYS2d 472] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 18, 1997, as denied those branches of her motion which were for a judgment for arrears of unreimbursed medical, dental, optical, and pharmaceutical expenses.

Ordered that the order is modified, by deleting therefrom the provision which denied those branches of the defendant's motion which were for a judgment for arrears of unreimbursed medical and pharmaceutical expenses, and substituting therefore a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County for a hearing to determine the amount of arrears owed by the plaintiff for unreimbursed medical and pharmaceutical expenses in accordance herewith.

The Supreme Court properly denied the defendant's application for payment of her optical and dental expenses in their entirety, as well as for medical expenses that were incurred prior to the commencement of the divorce action, as the plaintiff was not required to pay these expenses under the terms of the pendente lite orders of October 31, 1994, and March 31, 1995. However, since the plaintiff is required to pay for the defendant's medical bills incurred subsequent to the commencement of the divorce action, including those for psychiatric treatment and pharmacy bills, the defendant's application for a judgment of arrears as to these items should have been granted.

Since the record reveals that there are questions of fact as to the amount owed for the total of these arrears, a hearing is necessary to determine which expenses claimed by the defendant are truly unreimbursed medical or pharmaceutical expenses (*see, Rogers v Rogers,* 151 AD2d 738; Domestic Relations Law § 244). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.