■ EVAN YOUNG, Appellant, v SHANA YOUNG, Respondent. [667 NYS2d 58] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated October 4, 1996, as, without a hearing, (1) granted the defendant wife exclusive occupancy of the marital residence, (2) awarded interim custody of the parties' child to the defendant wife and maintained the current visitation schedule, (3) directed him to pay interim child support and maintenance in the amounts of $2,400 and $3,500 per month, respectively, (4) directed him to pay rent and utilities on the marital premises, (5) directed him to maintain all medical and life insurance coverage for the defendant wife and child, (6) enjoined him from disposing of or transferring marital assets, and (7) awarded the defendant wife interim counsel fees and expert fees.

Ordered that the order is modified by reducing the pendente lite child support from $2,400 to $1,100 per month and the interim maintenance from $3,500 per month to $750 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A speedy trial is ordinarily the proper remedy to rectify inequities in an order directing the payment of temporary maintenance and child support (see, Wallach v Wallach, 236 AD2d 604; Gold v Gold, 212 AD2d 503; Beige v Beige, 220 AD2d 636; Stanton v Stanton, 211 AD2d 781). However, a pendente lite award may be modified to ensure that the award is an accommodation between the reasonable needs of the moving spouse and the financial ability of the nonmoving spouse (see, Kessler v Kessler, 195 AD2d 501). When the pendente lite award is so prohibitive that the payor spouse is prevented from meeting his or her own financial obligations, relief may be granted (see, Wesler v Wesler, 133 AD2d 627). Here, the

temporary maintenance award is excessive to the extent indicated. Moreover, since the Supreme Court ordered the husband to pay child support in excess of that which would have been required under the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), and also directed payment of a separate specific sum towards the husband's obligation to provide shelter for the child, a reduction in the pendente lite child support award is also warranted (*see, Krantz v Krantz,* 175 AD2d 863; *see also, Polychronopoulos v Polychronopoulos,* 226 AD2d 354).

The husband's remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.