■ JAMES LLOYD, Respondent-Appellant, v GRACE C. McGRATH, Appellant-Respondent. [668 NYS2d 226] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated February 3, 1997, as (1) awarded her only $400 per week pendente lite child support, (2) awarded her only $200 per week pendente lite maintenance, and (3) failed to direct the plaintiff to pay the outstanding balance on the parties' charge card. The plaintiff husband cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The court did not improvidently exercise its discretion in requiring the plaintiff to pay only $600 a week total for pendente lite maintenance and child support. The court properly considered both the financial needs of the defendant and the parties' respective financial conditions (see, e.g., Domestic Relations Law § 236 [B] [6], [7]; Fascaldi v Fascaldi, 186 AD2d 532; Chachkes v Chachkes, 107 AD2d 786, 787; Van Ess v Van Ess, 100 AD2d 848). The award strikes a proper balance between the reasonable needs of the defendant and the financial ability of the plaintiff to pay (see, Salerno v Salerno, 142 AD2d 670, 672), taking into account their pre-separation standard of living (see, Ferdinand v Ferdinand, 215 AD2d 350; Wagner v Wagner, 175 AD2d 391), as well as the defendant's substantial assets (see, Domestic Relations Law § 240 [1-b]; see, e.g., Van Ess v Van Ess, 100 AD2d 848, supra; Dyson v Dyson, 92 AD2d 857; Thea v Thea, 75 AD2d 618; see also, Lapkin v Lapkin, 208 AD2d 474; Nordgren v Nordgren, 237 AD2d 498). Where, as here, a pendente lite award is not deficient, the proper remedy to correct any inequity is a speedy trial, where any error can be rectified on a full record, retroactive to the date of the defendant's application for pendente lite support (see, e.g., Campanella v Campanella, 232 AD2d 598; Beige v Beige, 220 AD2d 636; Gianni v Gianni, 172 AD2d 487; see also, Nolfo v Nolfo, 188 AD2d 451; cf., Bernstein v Bernstein, 213 AD2d 508; Byer v Byer, 199 AD2d 298; Polito v Polito, 168 AD2d 440).

The defendant's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.