■ STEPHEN VERDERAME, Appellant, v EVE VERDERAME, Respondent. [669 NYS2d 227] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered January 14, 1997, as granted the defendant wife temporary child support and maintenance in the combined amount of $1,050 per week, directed him to pay all of the carrying charges on the marital residence and the parties' Pennsylvania property, and directed him to pay $10,000 interim counsel fees and $5,000 appraiser's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Modifications of pendente lite maintenance and child support should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see, Beige v Beige,* 220 AD2d 636; *Gitter v Gitter,* 208 AD2d 895). The general rule is that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Gianni v Gianni,* 172 AD2d 487). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (*see, Polito v Polito,* 168 AD2d 440; *Shapiro v Shapiro,* 163 AD2d 294). In determining the amount of support to be awarded, the trial court was not bound by the husband's tax return, but was free to find that his potential income from his family-owned business was higher than that which was reported (*see, Powers v Powers,* 171 AD2d 737). Based on these considerations, the pendente lite award was proper under the circumstances and should not be disturbed.

The appellant's remaining contentions lack merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.