■ MARY B. PALAZZO, Respondent, v PHILIP PALAZZO, Appellant. [671 NYS2d 706] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 15, 1996, as directed him to pay to the plaintiff wife pendente lite support and maintenance in the amount of $550 per week and the plaintiff's reasonable unreimbursed medical, dental, and prescription drug expenses, and (2) an order of the same court dated February 27, 1997, which denied his motion for leave to renew and reargue the plaintiff's motion

for pendente lite relief and to direct the wife to pay her pro rata share of child support.

Ordered that the order dated October 15, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated February 27, 1997, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 27, 1997, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contention, the Supreme Court's award of pendente lite support and maintenance to the plaintiff was proper under the circumstances of this case and should not be disturbed on appeal (see, Wallach v Wallach, 236 AD2d 604; Beige v Beige, 220 AD2d 636). The maintenance payments were not "so prohibitive" as to prevent the defendant from meeting his own financial obligations (Stanton v Stanton, 211 AD2d 781, 782; see, Androvett v Androvett, 172 AD2d 792). Moreover, the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see, Horowitz v Horowitz, 237 AD2d 490; Berlly v Berlly, 237 AD2d 553; Wallach v Wallach, supra; Beige v Beige, supra).

The defendant's remaining contentions are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.