■ BARBARA MERLIS, Respondent, v CHARLES MERLIS, Appellant. [677 NYS2d 601] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Schmidt, J.), dated May 19, 1997, as awarded the plaintiff wife temporary custody of two of the three children of the parties, temporary child support of $150 per week, and temporary exclusive occupancy of the marital residence, directed him to pay all of the children's unreimbursed medical expenses, and enjoined him from transferring any property, and (2) an order of the same court, dated October 3, 1997, as granted that branch of a motion of the plaintiff wife which was for leave to enter a judgment against him in the amount of $5,255 for arrears in child support and directed a hearing with respect to that branch of the plaintiff wife's motion which was to hold him in contempt of an earlier order of the same court, dated May 19, 1997, which, *inter alia*, directed that he pay child support.

Ordered that the order dated May 19, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated October 3, 1997, as directed a hearing is dismissed, as no appeal lies from an order directing a hearing to aid in the disposition of a motion; and it is further,

Ordered that the order dated October 3, 1997, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

"Modifications of pendente lite awards should rarely be made

by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Beige v Beige*, 220 AD2d 636; *see also, Verderame v Verderame*, 247 AD2d 609). The general rule is that a speedy trial is the proper remedy to rectify any perceived inequity in an order directing payment of temporary support (*see, Verderame v Verderame, supra; Gianni v Gianni*, 172 AD2d 487). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the nonmoving spouse (*see, Lloyd v McGrath*, 246 AD2d 630; *Young v Young*, 245 AD2d 560). In determining the amount of support to be awarded, the trial court was free to find that the husband's actual income was greater than he had reported in documents submitted into court (*see, Verderame v Verderame, supra; Kesten v Kesten*, 234 AD2d 427; *Powers v Powers*, 171 AD2d 737). Since the husband failed to disclose information critical to the assessment of his net worth, he could not complain that the court erred in drawing inferences favorable to the wife with respect to the disputed financial issues involved (*see, Richter v Richter*, 131 AD2d 453, 455).

The court properly awarded pendente lite custody of two of the three children to the wife as being in the best interests of those children (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95; *Vecchiarelli v Vecchiarelli*, 238 AD2d 411; *Matter of Muller v Muller*, 221 AD2d 635, 636).

The court properly imposed upon the husband a pendente lite restraint on property transfers (*see, Guttman v Guttman*, 129 AD2d 537, 539; *Sacks v Sacks*, 181 AD2d 727, 728-729).

The husband contends that the court's determination to grant the wife exclusive occupancy of the marital residence was not based upon evidence adduced at a hearing held on that issue. However, as the record does not contain the minutes of the hearing, we cannot determine this issue.

The husband's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.