■ CHERYL SEBAG, Respondent, v JACOB SEBAG, Appellant. [681 NYS2d 573] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated October 24, 1997, as directed him to pay (1) $500 per month in temporary maintenance, and (2) $1,500 per month in temporary child support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Modifications of pendente lite awards should rarely be made

by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Beige v Beige,* 220 AD2d 636; *see also, Verderame v Verderame,* 247 AD2d 609). The general rule is that a speedy trial is the proper remedy to rectify any perceived inequity in an order directing payment of temporary support (*see, Verderame v Verderame, supra; Gianni v Gianni,* 172 AD2d 487). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and financial ability of the nonmoving spouse (*see, Lloyd v McGrath,* 246 AD2d 630; *Young v Young,* 245 AD2d 560). In determining the amount of support to be awarded, the trial court was free to find that the husband's actual income was greater than he had reported in documents submitted to the court (*see, Verderame v Verderame, supra; Kesten v Kesten,* 234 AD2d 427; *Powers v Powers,* 171 AD2d 737). Here, the court properly took into consideration the husband's 50% interest in his law firm, his various assets and debts, and the wife's showing with respect to the marital lifestyle and current expenses. We find no basis to disturb the awards. Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.