■ DARRELL PALLADINO, Appellant, v ANTOINETTE PALLA-DINO, Respondent. [694 NYS2d 695] —In a matrimonial action in which the parties were divorced by judgment dated September 3, 1992, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 10, 1998, as (1), upon reargument and/or renewal of his prior motion to terminate his temporary child support obligation retroactive to May 30, 1997, adhered to a prior order of the same court, entered February 13, 1998, denying that motion, and (2) granted that branch of the cross motion of the defendant former wife which was for leave to enter a money judgment in the amount of $44,291 for child support arrears through April 6, 1998.

Ordered that the order is reversed insofar as appealed from, with costs, the motion to terminate child support is granted to the extent of terminating such obligation as of November 17, 1997, that branch of the cross motion which was for leave to enter a money judgment in the amount of $44,291 for child support arrears through April 6, 1998, is denied, the order entered February 13, 1998, is vacated, and the matter is remitted for a hearing to determine the amount, if any, of child support arrears in accordance herewith.

By order dated June 6, 1996, the Supreme Court, *inter alia,* directed the plaintiff to pay the defendant $1,500 per month in temporary child support for the parties' son, who was then in the defendant's custody. By order to show cause dated November 17, 1997, the plaintiff moved to terminate his child support obligation retroactive to May 30, 1997, by which date the child had allegedly been removed from the defendant's custody based on allegations of neglect. By order dated February 13, 1998, the Supreme Court denied the motion because there was "no proof submitted, beyond the hearsay statements of the plaintiff and his attorney [that] there has been a change in custody".

Thereafter, the plaintiff moved for leave to reargue and/or renew his prior motion and he submitted an order of the Family Court, Kings County (Staton, J.), dated June 4, 1997, temporarily transferring custody of the child from the defendant to the Commissioner of Social Services. The plaintiff averred that he had been unable to obtain the order in time to submit it in support of his initial motion. The plaintiff also submitted another order of the Family Court, Kings County, dated April 27, 1998, which temporarily transferred custody of the child to him.

On the facts presented, termination of the plaintiff's temporary child support obligation is appropriate (see, Verderame v Verderame, 247 AD2d 609; Lloyd v McGrath, 246 AD2d 630; Beige v Beige, 220 AD2d 636). However, the obligation may only be terminated as of November 17, 1997, the date the plaintiff sought such relief (see, Matter of Dox v Tynon, 90 NY2d 166; Domestic Relations Law § 236 [B] [9] [b]). In light of this and the plaintiff's challenge to the accuracy of the amount of arrears claimed by the defendant, the matter is remitted for a hearing to determine the amount, if any, of child support arrears (see, Boris v Boris, 245 AD2d 409). Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.