■ IRENE SCHNEIDER, Appellant, v STEVEN J. SCHNEIDER, Respondent. [694 NYS2d 476] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Mahon, J.), dated February 25, 1998, which, *inter alia,* (a) denied those branches of her motion which were for exclusive occupancy of the marital residence and to direct the defendant to release funds set aside for renovations of the marital residence and directed the parties to locate an alternative

residence for the plaintiff and children to reside in and ordered the defendant to pay up to $2500 per month in rent, and (b) awarded her pendente lite maintenance of only $450 per week and pendente lite child support of only $600 per week, and (2) so much of an order of the same court, dated July 20, 1998, as denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated July 20, 1998, as denied that branch of the plaintiff's motion which was for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 25, 1998, is modified by deleting the provision thereof (1) denying those branches of the motion which were for exclusive occupancy of the marital residence and to direct the defendant to release the funds set aside for renovations of the marital residence and substituting therefor a provision granting those branches of the motion and (2) deleting the provisions thereof granting the plaintiff exclusive occupancy of an alternative residence and directing the defendant to pay rent on such an alternative residence up to the sum of $2500 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 20, 1998, is affirmed insofar as reviewed, without costs or disbursements.

We agree with the plaintiff's contention that the court improvidently exercised its discretion when it refused to direct the defendant to release funds set aside to complete renovations of the marital residence and to award her exclusive occupancy of the marital residence. Under the circumstances, there is no reason to direct the plaintiff to obtain an alternative residence and to require the defendant to pay the rent thereon.

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Beige v Beige,* 220 AD2d 636; *see also, Verderame v Verderame,* 247 AD2d 609). A speedy trial is the proper remedy to rectify any perceived inequity in an order directing payment of temporary child support or maintenance (*see, Verderame v Verderame, supra; Gianni v Gianni,* 172 AD2d 487). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the nonmoving spouse (*see, Novick v Novick,* 251 AD2d 385; *Lloyd v McGrath,*

246 AD2d 630; *Young v Young,* 245 AD2d 560). Based on these considerations, we conclude that the pendente lite awards for maintenance and child support are proper under the circumstances and should not be disturbed on appeal. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.