■ JANE REILLY, Respondent, v PETER REILLY, Appellant. [748 NYS2d 277] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 24, 2001, as directed him to pay $1,500 per month in child support and 100% of the unreimbursed medical and dental expenses, and (2) an order of the same court, dated November 5, 2001, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated April 24, 2001, is dismissed, as that order was superseded by the order dated November 5, 2001, made upon reargument; and it is further,

Ordered that the order dated November 5, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The purpose of a pendente lite award is to "tide over the more needy party, not to determine the correct ultimate distribution" (*Valente v Valente,* 269 AD2d 389 [internal quotation marks omitted]; *Yecies v Yecies,* 108 AD2d 813, 814). Moreover, any perceived inequities in a pendente lite award are best remedied by a speedy trial where the financial circumstances of the parties can be fully explored (*id.*). Contrary to the defendant's contentions, the Supreme Court properly considered the parties' relative financial status and providently exercised its discretion in its award of pendente lite child support to the plaintiff. In determining the amount of support to be awarded, the Supreme Court was free to find that the defendant's actual income was greater than that reported in documents submitted to the court (*see Sebag v Sebag,* 256 AD2d 401).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.