■ JOSEPH P. PEZZA, Appellant-Respondent, v ANDREA M. PEZZA, Respondent-Appellant. [752 NYS2d 550] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered February 7, 2002, as directed him to pay the sums of $1,250 per week for pendente lite maintenance and $1,250 per week for pendente lite child support, and the defendant wife cross-appeals, as limited by her brief, from so much of the same order as awarded her only those sums for pendente lite maintenance and child support.

Ordered that the order is modified, by deleting the provision thereof awarding pendente lite child support in the sum of $1,250 per week, and substituting therefor a provision awarding pendente lite child support in the sum of $750 per week; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as when a party is unable to meet his or her financial obligations or when justice otherwise requires it (*see Beige v Beige,* 220 AD2d 636; *Gitter v Gitter,* 208 AD2d 895). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, with due regard for the preseparation standard of living (*see Kesten v Kesten,* 234 AD2d 427).

Here, the plaintiff husband did not demonstrate that the pendente lite award left him unable to meet his own financial obligations (*see Aliano v Aliano,* 285 AD2d 522; *Zeitlin v Zeitlin,* 209 AD2d 613). In determining the amount of child support and maintenance to be awarded, the trial court was free to find that the husband's actual income was greater than he

had reported in documents submitted to the court (*see Sebag v Sebag,* 256 AD2d 401). Furthermore, even if we were to find that the husband's income was low at the time the application for relief was made, "an award * * * is determined by earning capacity, not by actual earnings" (*Borra v Borra,* 218 AD2d 780).

However, the child support obligation should be reduced from the sum of $1,250 per week to the sum of $750 per week as the defendant wife failed to identify those needs beyond food and clothing which are uniquely necessary for the reasonable needs of the parties' seven-year-old child, and the child's housing, medical, and educational needs are otherwise being paid for by the husband.

Finally, the wife's claim that the sums awarded for mainte-nance and child support are inadequate is without merit (*see Celauro v Celauro,* 257 AD2d 588; *O'Connor v O'Connor,* 207 AD2d 334). The wife's remaining contention that the pendente lite award should include payment of her credit card bills is not properly before this Court as it is raised for the first time on appeal (*see Tufano v Tufano,* 220 AD2d 407). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.