■ In the Matter of KATHERINE A. BURNS, Respondent, v JAMES M. ROSS, Appellant. (And Two Other Related Proceedings.) [796 NYS2d 450]—

Mugglin, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 29, 2004, which, inter alia, dismissed respondent's application, in three proceedings pursuant to Family Ct Act article 4, to modify a prior order of child support.

Respondent makes three arguments on appeal, only one of which we find meritorious. First, we reject his assertion that he need not pay child support for his college-age daughter because of the doctrine of constructive emancipation. Respondent failed to sustain his burden of proof on this issue (*see Matter of Adamchick v Adamchick*, 136 AD2d 847, 848 [1988], *lv denied* 72 NY2d 804 [1988]), as the daughter flatly refuted his claim that she moved from his residence because of their one argument when, during Christmas recess of her freshman year, she came home at 4:00 A.M. Moreover, the daughter moved back to her mother's residence. A necessary element of the doctrine is that the child move to escape from parental discipline and control (*see Matter of Roe v Doe*, 29 NY2d 188, 193 [1971]; *Matter of Donnelly v Donnelly*, 14 AD3d 811, 812 [2005]; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d 913, 914 [1999]). Here, the move from one parent's home to the other parent's home does not constitute emancipation as this child is neither self-supporting nor free from parental control (*see Winnert-Marzinek v Winnert*, 291 AD2d 921, 921 [2002]).

Next, we reject respondent's contention that he is entitled to a downward modification of his child support obligation because his retirement benefits—consisting of a monthly payment from a lump-sum retirement payout, a supplemental income protection plan payout and a supplemental Social Security benefit payout—are not includable in the calculation of income for child support payments as they constitute the distribution of a marital asset. All of these payments are reportable as taxable income on respondent's federal income tax return. As such, Domestic Relations Law § 240 (1-b) (b) (5) requires their inclusion in the calculation and the Support Magistrate did not err in doing so.

Finally, we agree with respondent that the record does not support a finding that he was in child support arrears in the amount of $70.56. While a representative of the Support Collec-

tion Unit testified to this amount, she acknowledged, after being shown respondent's latest pay stub, that said sum had been withheld from his paycheck as a result of garnishment but had not yet been credited to respondent's account.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as found respondent to be $70.56 in arrears for child support, and, as so modified, affirmed.