■ LINDA L. BUDDLE, Appellant, v DUANE BUDDLE, Respondent. [861 NYS2d 193]—

Malone Jr., J. Appeal from an order of the Supreme Court (Coccoma, J.), entered October 19, 2007 in Otsego County, which, among other things, partially denied plaintiff's motion for certain pendente lite relief.

The parties were married in 1980, were separated in 2001 and plaintiff commenced this action for a divorce in 2006, asserting cruel and inhuman treatment. Thereafter, defendant repeatedly threatened to sell certain property located in the Town of Maryland, Otsego County, that was jointly owned by the parties and in which plaintiff had been residing since the separation. In August 2007, plaintiff moved by order to show cause for, among other things, an order of protection, an award of temporary maintenance and an order granting her the exclusive use and possession of the Otsego County property. After a hearing, Supreme Court, among other things, ordered that the property be sold at fair market value, denied plaintiff's request for an order of protection and awarded plaintiff $150 per week in temporary maintenance. This Court subsequently granted plaintiff's motion to stay that part of Supreme Court's

order that directed the sale of the property, and plaintiff now appeals.

It is well settled that, unless the parties consent, "absent the termination of the marital relationship by judgment of divorce, amendment, separation or declaration of nullity, courts do not have the authority to direct, pendente lite, the sale of property owned by the parties as tenants by the entirety" (*Jancu v Jancu*, 241 AD2d 316, 317 [1997]; *see Kahn v Kahn*, 43 NY2d 203, 209-210 [1977]). Here, the record is unclear as to the precise manner in which the property is held by the parties, although it is undisputed that the parties were married in 1980, acquired the property in 1988 and that both parties' names are on the title. As the acquisition of real property by married persons creates a tenancy by the entirety unless otherwise specified (*see* EPTL 6-2.2 [b]; *Kahn v Kahn*, 43 NY2d at 206-207), and there is no indication that the parties acquired the property in any other manner, Supreme Court did not have the authority to order the pendente lite sale of the property (*see Walker v Walker*, 227 AD2d 469, 469 [1996], *lv dismissed* 89 NY2d 860 [1996]).

Plaintiff's remaining contentions have been considered and found to be without merit inasmuch as she failed to establish good cause for the issuance of a temporary order of protection (*see* Domestic Relations Law § 252 [4]; *Fakiris v Fakiris*, 177 AD2d 540, 544 [1991]; *compare Peters v Peters*, 100 AD2d 900, 901 [1984]) and has not demonstrated that exigent circumstances warrant the increase of the amount of the temporary maintenance awarded (*see Merlis v Merlis*, 253 AD2d 799, 799-800 [1998]; *Beige v Beige*, 220 AD2d 636, 636 [1995]).

Peters, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered the sale of the Otsego County property, and, as so modified, affirmed.