■ GABRIELLE LEQUERIQUE, Appellant, v STELLA LEQUERIQUE, Respondent, et al., Defendant. [876 NYS2d 5]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered November 19, 2007, which granted the motion of defendant Stella Lequerique for summary judgment dismissing the complaint and declared that she is the owner of the subject property, unanimously affirmed, without costs.

In 2000 plaintiff's decedent, her father, who held title to certain real property in his own name, conveyed the property to himself and defendant—plaintiff's mother and decedent's surviving spouse—thereby creating a tenancy by the entirety (*see Buddle v Buddle*, 53 AD3d 745 [2008]). At that time, the decedent had a will which left his entire estate to defendant.

In 2004, after decedent was diagnosed with terminal cancer, he decided to transfer ownership of the property to a limited liability company. The attorney handling the transaction was given an earlier deed which showed decedent as the sole owner of the property and prepared a deed transferring ownership from decedent to the LLC, in which decedent and defendant each had a 50% interest. Subsequently, decedent changed his will, leaving defendant the minimum statutory share and bequeathing 80% of the residuary estate to plaintiff. In this action, plaintiff seeks a declaration that the LLC is the beneficial owner of the property, reformation of the deed and a constructive trust.

Tenancy by the entirety confers on the surviving spouse a right to absolute ownership of the property upon the other spouse's death (*V.R.W., Inc. v Klein*, 68 NY2d 560, 564 [1986]). Since the deed transferring the property, held by decedent and his wife as tenants by the entirety, was signed only by decedent, it was ineffective to transfer title to the LLC. Where spouses own property as tenants by the entirety, a conveyance by one spouse, to which the other has not consented, cannot impair the nonconsenting spouse's survivorship interest (*id.*).

Plaintiff has failed to raise a triable issue of fact with respect to her claim that defendant intended to transfer her interest in the property to the LLC. At best, the evidence shows only that defendant acquiesced in the transaction; there is no evidence, however, that she knowingly surrendered her survivorship rights. Accordingly, the court properly denied reformation of the deed (*see Lieberman v Greens at Half Hollow, LLC*, 54 AD3d 908, 909 [2008]). For the same reason, plaintiff's claim that de-

fendant ratified decedent's attempt to transfer title to the LLC is unavailing (see Lipman v Vebeliunas, 39 AD3d 488 [2007]). Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ. [See 2007 NY Slip Op 33544(U).]