■ Claudio A. Diaz, Respondent, v Gladys N. Gonzalez, Appellant. [984 NYS2d 65]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Queens County (Jackman-Brown, J.), entered June 14, 2012, as, upon a decision of the same court dated January 20, 2012, made after a nonjury trial, did not award her maintenance and child support, and did not equitably distribute alleged marital debt.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of equitable distribution of alleged marital debt, for calculation of the appropriate amount

of maintenance and child support to be awarded to the defendant, retroactive to the date of her verified answer, and for the entry of an amended judgment thereafter.

The parties were married on December 28, 1998. In September 2005, the plaintiff moved out of the marital residence and in March 2010, he commenced this action for a divorce and ancillary relief. The defendant answered, asserting counterclaims seeking child support and spousal maintenance.

After a nonjury trial, the Supreme Court declined to award the defendant spousal maintenance, declined to award the defendant child support, finding that the subject children, then age 20, and age 17, were emancipated, and declined to equitably distribute alleged marital debt.

The defendant should have been awarded durational spousal maintenance to enable her to become self-supporting based on the disparity in the parties' present and future earning capabilities, as well as the lifestyle enjoyed during the marriage (*see Hartog v Hartog*, 85 NY2d 36 [1995]; *Dermigny v Dermigny*, 23 AD3d 429, 430 [2005]). As the Supreme Court determined, the record demonstrated that, during the parties' approximately 11-year marriage, the plaintiff earned $45,000 per year, while the defendant remained at home to care for the subject children.

The Supreme Court also should have awarded child support. "Children are deemed emancipated if they attain economic independence through employment or entry into military service or marriage and, further, may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control" (*Matter of Lowe v Lowe*, 67 AD3d 682, 683 [2009]; *see Matter of Cellamare v Lakeman*, 36 AD3d 906 [2007]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]). Here, the plaintiff offered no evidence demonstrating that subject children were economically independent or otherwise emancipated. Accordingly, the plaintiff should have been directed to pay child support.

Further, a new trial is necessary on the issue of equitable distribution of alleged marital debt. Expenses incurred prior to the commencement of an action for a divorce are marital debt to be equally shared by the parties upon an offer of proof that the expenses represent marital expenses (*see* Domestic Relations Law § 236 [B] [1] [c]; *Epstein v Messner*, 73 AD3d 843, 845 [2010]). Where a party has paid the other party's share of what proves to be marital debt, reimbursement is required (*see Epstein v Messner*, 73 AD3d at 845).

Here, the Supreme Court improperly refused to admit evidence offered by the defendant of alleged marital debt on the

basis that the credit card statements she proffered related to credit cards in her name only, despite her testimony that the credit card accounts were opened during the marriage to pay the parties' expenses, and on the basis that the defendant did not show that the debt was not paid off prior to trial.

Accordingly, we remit the matter for calculation of the appropriate amount of maintenance and child support to be awarded to the defendant (*see DiFiore v DiFiore*, 87 AD3d 971, 973-974 [2011]), retroactive to the date of her verified answer, which contained her requests for maintenance and child support (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Augustin v Bullen*, 112 AD3d 658 [2013]), for a new trial on the issue of equitable distribution of alleged marital debt, and for the entry of an amended judgment thereafter. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.