■ In the Matter of MICHAEL MALLOY, Appellant, v RHEA O'GORMAN, Respondent. (Proceeding No. 1.) In the Matter of RHEA O'GORMAN, Respondent, v MICHAEL MALLOY, Appellant. (Proceeding No. 2.) [31 NYS3d 152]—

Appeals from (1) an order of disposition of the Family Court, Queens County (Solange N. Grey-Humphreys, S.M.), dated January 13, 2015, (2) an order of that court entered February

10, 2015, and (3) stated portions of an order of that court (Robert Caloras, J.), dated April 17, 2015. The order of disposition determined, inter alia, that the father willfully violated the child support provisions of the parties' judgment of divorce dated May 13, 2008. The order entered February 10, 2015, directed the entry of a money judgment against the father in the principal sum of $16,335.60. The order dated April 17, 2015, insofar as appealed from, denied the father's objections to (a) a prior order of that court (Solange N. Grey-Humphreys, S.M.), dated January 13, 2015, which dismissed his petition for modification of the child support order dated May 13, 2008, (b) the order of disposition dated January 13, 2015, and (c) the order entered February 10, 2015, directing the entry of a money judgment.

Ordered that the order dated April 17, 2015, is modified, on the law, by deleting the provisions thereof denying the father's objections to the order of disposition and the order directing the entry of a money judgment, and substituting therefor provisions granting the father's objections to those orders; as so modified, the order dated April 17, 2015, is affirmed insofar as appealed from, without costs or disbursements, the order of disposition dated January 13, 2015, and the order directing the entry of a money judgment entered February 10, 2015, are vacated, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination on the issue of whether the father willfully violated the child support provisions of the parties' judgment of divorce dated May 13, 2008, and, if so, to establish the amount of child support arrears owed; and it is further,

Ordered that the appeals from the order of disposition dated January 13, 2015, and the order directing the entry of a money judgment entered February 10, 2015, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated April 17, 2015.

The parties' judgment of divorce dated May 13, 2008, directed the father to pay child support for the parties' two children, one of whom has since become legally emancipated and is not the subject of the instant proceedings. The father filed a petition seeking to modify his child support obligation with respect to the other child on the ground of constructive emancipation. The mother filed a petition alleging that the father willfully violated the child support provisions of the judgment of divorce and was in arrears in the principal sum of $16,335.60.

Contrary to the father's contentions, the Family Court properly denied his objections to the Support Magistrate's

dismissal of his petition to modify his child support obligation on the ground of constructive emancipation. "It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d at 192; *see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011]; *Matter of DeLuca v Strear-DeLuca*, 84 AD3d 801 [2011]). However, "[a] child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation" (*Radin v Radin*, 209 AD2d 396, 396 [1994]; *see Kordes v Kordes*, 70 AD3d 782, 783 [2010]; *Matter of Dewitt v Giampietro*, 66 AD3d 773, 775 [2009]). The burden of proof as to emancipation is on the party asserting it (*see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 857; *Matter of Gold v Fisher*, 59 AD3d at 444).

Here, the Family Court correctly concluded that the father failed to meet his burden of proving that the child was constructively emancipated from him (*see Matter of Gansky v Gansky*, 103 AD3d 894, 896 [2013]; *Matter of Gold v Fisher*, 59 AD3d at 444).

However, the Family Court erred in granting the mother's petition for child support arrears and directing the entry of a money judgment against the father without first conducting an evidentiary hearing to determine whether the father willfully violated the child support provisions of the parties' judgment of divorce, and if so, to establish the amount owed, which was disputed by the father (*see Miller v Miller*, 18 AD3d 629, 630-631 [2005]; *Palladino v Palladino*, 264 AD2d 441, 442 [1999]; *Boris v Boris*, 245 AD2d 409, 409 [1997]). Indeed, at one point during the hearing on the father's petition to modify the child support order, the Support Magistrate ruled that the mother's violation petition would be heard subsequently, as the determination of the father's modification petition could directly affect the determination of whether there was a violation of the subject child support provisions. However, no further hearing was conducted with respect to the mother's petition, no testimony concerning the calculation of the father's alleged arrears was produced, and no documentary evidence supporting the mother's claim for child support arrears was admitted into

evidence. Accordingly, the matter must be remitted to the Family Court, Queens County, for a hearing to determine the mother's petition and the amount, if any, of child support arrears owed by the father. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.