■ In the Matter of VICTORIA MARIA DEJESUS, Appellant, v FRANKLIN LEONIDAS DEJESUS, Respondent. [58 NYS3d 160]—

Appeals by the child from (1) an order of the Family Court, Suffolk County (Denise Livrieri, S.M.), dated April 21, 2016, and (2) an order of that court (Matthew Hughes, J.), dated July 1, 2016. The order dated April 21, 2016, after a hearing, denied the petition for child support and dismissed the proceeding. The order dated July 1, 2016, denied the petitioner's objections to the order dated April 21, 2016.

Ordered that the appeal from the order dated April 21, 2016, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 1, 2016; and it is further,

Ordered that the order dated July 1, 2016, is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (*see* Family Ct Act § 413 [1] [a]; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d 188, 192 [1971]; *see Matter of Brinskelle v Widman*, 137 AD3d 1022, 1023 [2016]; *Matter of Jacobi v Lewis*, 92 AD3d

1100 [2012]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]). The burden of proof as to emancipation is on the party asserting it (*see Matter of McCarthy v McCarthy*, 129 AD3d 970, 972 [2015]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]).

Here, the respondent father testified that the petitioner voluntarily left his home, against the father's will, after they had an altercation. He further testified that he thereafter repeatedly told the petitioner that she was welcome to come home if she agreed to certain conditions, which we find were reasonable, but the petitioner refused. Although the petitioner offered a different version of events, we discern no reason to disturb the Support Magistrate's decision to credit the father's testimony (*see Matter of Kennedy v Ventimiglia*, 73 AD3d 1066, 1067 [2010]; *Matter of Abidi v Antohi*, 64 AD3d 772, 773 [2009]; *Matter of Gold v Fisher*, 59 AD3d at 444). Accordingly, the father met his burden of establishing that the petitioner voluntarily abandoned his home to avoid his parental discipline and control, thereby forfeiting her right to support (*see Matter of Roe v Doe*, 29 NY2d at 192; *Matter of Jacobi v Lewis*, 92 AD3d 1100 [2012]; *Matter of Donnelly v Donnelly*, 14 AD3d 811, 812 [2005]).

Contrary to the petitioner's contention, the Support Magistrate providently exercised her discretion in denying the petitioner's request for an adjournment of the hearing, and the petitioner's fundamental rights were not affected by the denial (*see* Family Ct Act § 435 [a]; *Matter of Rosalyn YY. v Otsego County Dept. of Social Servs.*, 101 AD3d 1401, 1403 [2012]; *Matter of Beverly EE. [Ryan FF.]*, 88 AD3d 1086, 1088-1089 [2011]).

The petitioner's remaining contention is without merit.

Accordingly, the Family Court properly denied the petitioner's objections to the Support Magistrate's order denying the petition and dismissing the proceeding. Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.