Matter of Root v Root (2018 NY Slip Op 03843)





Matter of Root v Root


2018 NY Slip Op 03843


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-06785
 (Docket No. F-9988-12)

[*1]In the Matter of Rhonda Root, respondent, 
v
Bradford Root, appellant.


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
Rhonda Root, Scarsdale, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated June 13, 2016. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated February 5, 2016, which, after a hearing, found that one of the parties' children was constructively emancipated, and thus that the father was not entitled to an offset against his child support obligation for the amount he was expending to support that child.
ORDERED that the order dated June 13, 2016, is reversed, on the law, without costs and disbursements, and the matter is remitted to the Family Court, Westchester County, for a recalculation of the father's child support obligation.
The parties were married in 1992, and have two children together. The parties were divorced by judgment of divorce dated May 30, 2012. In a stipulation of settlement which was incorporated but not merged into the judgment of divorce, the parties agreed to joint custody of their children, with residential custody to the mother. Pursuant to the judgment, the father was obligated to pay the mother child support and a pro rata share of certain add-on expenses.
In August 2015, the father filed a petition to modify his support obligation. The father argued that the parties' son had moved in with him and, therefore, he was entitled to an offset against his child support obligation for the amount he was expending to support that child. The mother opposed the petition, arguing that the father was not entitled to an offset because the son was constructively emancipated. After a hearing, the Support Magistrate issued an order in which she found that the child was constructively emancipated, and thus that the father was not entitled to an offset against his child support obligation for the amount he was expending to support that child. The Family Court denied the father's objections to the Support Magistrate's order, and the father appeals.
We conclude that the Support Magistrate should not have found that the son was constructively emancipated, and thus that the father was not entitled to an offset against his child support obligation for the amount he was expending to support that child. A child may be deemed [*2]constructively emancipated if, without cause, the child withdraws from parental supervision and control (see Diaz v Gonzalez, 115 AD3d 904, 905; Matter of Lowe v Lowe, 67 AD3d 682, 683). Thus, a child of employable age and in full possession of his or her faculties who voluntarily and without cause abandons his or her home, against the will of the parents and for the purpose of avoiding parental control, forfeits the right to demand support (see Matter of Dejesus v Dejesus, 152 AD3d 585; Matter of Malloy v O'Gorman, 139 AD3d 733, 735). The burden of proof as to emancipation is on the party asserting it (see Matter of Basile v Wiggs, 156 AD3d 619, 621; Matter of Dejesus v Dejesus, 152 AD3d at 586; Matter of Malloy v O'Gorman, 139 AD3d at 735).
Here, the mother failed to sustain her burden of establishing that the parties' son was constructively emancipated. The son's move from one parent's home to the other parent's home did not constitute constructive emancipation, as he was neither self-supporting nor free from parental control (see Matter of Burns v Ross, 19 AD3d 801, 802). Accordingly, the matter must be remitted to the Family Court, Westchester County, for a recalculation of the father's child support obligation.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court