Matter of Robinson v Thomas (2018 NY Slip Op 08486)





Matter of Robinson v Thomas


2018 NY Slip Op 08486


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03714
2017-03715
 (Docket No. F-11716-16)

[*1]In the Matter of Dameon Robinson, respondent,
v
Karen Thomas, appellant.


Beth E. Goldman, New York, NY (Amanda M. Beltz of counsel), for appellant.
Steven J. Homayoon, Lake Ronkonkoma, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Suffolk County (Isabel E. Buse, S.M.), dated December 29, 2016, and (2) an order of the same court (Frank A. Tantone, J.) dated March 2, 2017. The order dated December 29, 2016, after a hearing, directed the mother to pay child support in the sum of $120 per week. The order dated March 2, 2017, denied the mother's objections to the order dated December 29, 2016.
ORDERED that the appeal from the order dated December 29, 2016, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 2, 2017; and it is further,
ORDERED that the order dated March 2, 2017, is affirmed, without costs or disbursements.
The mother and the father have two children in common. Only the child who is the subject of this appeal, born in March 1998, is under the age of 21. In October 2015, while the subject child was in the custody of the mother, an altercation occurred between them. The child was subsequently arrested and pleaded guilty to menacing in the second degree. An order of protection was issued requiring the child to stay away from the mother for a period of five years.
After the October 2015 episode, the child allegedly went to live with the father. In January 2016, the father filed a petition seeking child support from the mother. A hearing on the father's petition took place in September and October 2016.
In an order dated December 29, 2016, the Support Magistrate directed the mother to pay the father child support in the sum of $120 per week. The mother filed objections to the Support Magistrate's order, arguing, inter alia, that she should be relieved of her child support obligation since the evidence presented at the hearing established that the child was constructively emancipated. In an order dated March 2, 2017, the Family Court denied the mother's objections. The court determined that the Support Magistrate properly found that the child's actions in leaving the mother's home did not constitute constructive emancipation, and thus, properly ordered the mother [*2]to pay child support to the father. The mother appeals.
A child may be deemed constructively emancipated if, without cause, the child withdraws from parental supervision and control (see Diaz v Gonzalez, 115 AD3d 904, 905; Matter of Lowe v Lowe, 67 AD3d 682, 683). Thus, a child of employable age and in full possession of his or her faculties who voluntarily and without cause abandons his or her home, against the will of the parents and for the purpose of avoiding parental control, forfeits the right to demand support (see Matter of Dejesus v Dejesus, 152 AD3d 585; Matter of Malloy v O'Gorman, 139 AD3d 733, 735). The burden of proof as to emancipation is on the party asserting it (see Matter of Basile v Wiggs, 156 AD3d 619, 621; Matter of Dejesus v Dejesus, 152 AD3d at 586; Matter of Malloy v O'Gorman, 139 AD3d at 735).
Here, while the mother contends that the child did not take up residence with the father, the father and the child testified that the child did so, and the Support Magistrate credited their testimony and did not credit the mother's testimony. On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (see Matter of Hackett v Hackett, 154 AD3d 751), and we see no reason to disturb the Support Magistrate's factual finding here that the child went to live with the father after the October 2015 altercation. The child's move from the mother's home to the father's home did not constitute constructive emancipation, as the child was neither self-supporting nor free from all parental control (see Matter of Root v Root, 161 AD3d 1171, 1172; Matter of Burns v Ross, 19 AD3d 801, 802; Winnert-Marzinek v Winnert, 291 AD2d 921).
The mother's remaining contentions are either without merit or not properly before this Court, as they were not raised in her objections to the Support Magistrate's order.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court