Faruque v Faruque (2024 NY Slip Op 03680)

Faruque v Faruque

2024 NY Slip Op 03680

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-00763
 (Index No. 34010/17)

[*1]Steve A. Faruque, appellant, 
v
Amanda Faruque, respondent.

Ressler & Associates, White Plains, NY (Jessica H. Ressler of counsel), for appellant.
Eisenberg Yellen, LLP, New City, NY (Amy M. Eisenberg of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 26, 2018, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated December 1, 2021. The order, insofar as appealed from, in effect, granted, without a hearing, that branch of the defendant's motion which was to increase the amount of the plaintiff's monthly payment of certain child care expenses through the Support Collections Unit as set forth in the parties' stipulation of settlement dated March 13, 2018, and directed the plaintiff to pay the sum of $1,375 per month through the Support Collections Unit.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was to increase the amount of the plaintiff's monthly payment of certain child care expenses through the Support Collections Unit as set forth in the parties' stipulation of settlement dated March 13, 2018.
The parties were married in October 2013 and have one child in common. In 2017, the plaintiff commenced an action for a divorce and ancillary relief, and subsequently the parties entered into a stipulation of settlement, which required the plaintiff to pay the sum of $1,282.53 per month through the Support Collections Unit as part of his obligation to pay 55% of certain child care expenses. The stipulation of settlement was incorporated but not merged into a judgment of divorce dated July 26, 2018.
In June 2021, the defendant moved, inter alia, to increase the amount of the plaintiff's monthly payment of certain child care expenses through the Support Collections Unit as set forth in the stipulation of settlement. By order dated December 1, 2021, the Supreme Court, among other things, in effect, granted, without a hearing, that branch of the defendant's motion and directed the plaintiff to pay the sum of $1,375 per month through the Support Collections Unit. The plaintiff appeals.
The Supreme Court erred by, in effect, granting that branch of the defendant's motion which was to increase the amount of the plaintiff's monthly payment of certain child care expenses [*2]through the Support Collections Unit without holding a hearing. The parties' submissions contained conflicting contentions regarding, inter alia, the schedule of the child care provider and the cost thereof, which warranted a hearing (see Matter of Malloy v O'Gorman, 139 AD3d 733, 735; Anjam v Anjam, 191 AD2d 531, 532; Rogers v Rogers, 151 AD2d 738, 738). The court also failed to set forth any findings or a sufficient calculation of child care expenses on the record. Accordingly, we remit the matter to the Supreme Court, Rockland County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was to increase the amount of the plaintiff's monthly payment of certain child care expenses through the Support Collections Unit as set forth in the stipulation of settlement.
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court