■ JUDITH B. RUSSELL, Appellant, v JAMES M. RUSSELL, Respondent. [620 NYS2d 639] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: As limited by her brief (see, Ciesinski v Town of Aurora, 202 AD2d 984), plaintiff challenges that portion of an order that directed defendant to pay her $300 per month in child support together with arrearages retroactive to July 1992. Plaintiff contends that, contrary to Supreme Court's apparent finding,

the circumstances warrant application of the Child Support Standards Act (CSSA; Domestic Relations Law § 240) in setting defendant's obligation.

In their 1990 separation agreement, the parties provided that their daughter would reside primarily with defendant and that plaintiff would pay defendant $300 per month in child support. Plaintiff asserts, and defendant does not dispute, that her contractual support obligation was calculated pursuant to the CSSA formula. Shortly after the agreement was entered into, their daughter left defendant's residence and began living full time with plaintiff. Subsequently, by agreement, plaintiff ceased making child support payments to defendant. In July 1992 plaintiff commenced an action for divorce and sought an award of child support. Thereafter, the parties stipulated to submit the support issue to the court without an evidentiary hearing. The parties submitted financial disclosure affidavits showing that plaintiff had CSSA income (gross salary minus FICA) of $923 per week while defendant had CSSA income of $921 per week. On February 11, 1993, an order was entered directing defendant to pay plaintiff $300 per month in child support together with arrearages retroactive to July 1992, the court apparently deeming it equitable merely to shift the $300 support obligation from plaintiff to defendant based upon their reversal of roles as custodial and noncustodial parent.

We conclude that the child's change of residence from defendant's home to plaintiff's home, a contingency not anticipated by the parties' agreement, constitutes a change of circumstances warranting a departure from the agreement and requiring application of the CSSA standards (see, Domestic Relations Law § 240 [1], [1-b] [l]; Riseley v Riseley, 173 AD2d 1103, 1104). The order appealed from is in error insofar as the court did not calculate defendant's support obligation pursuant to the CSSA standards. Pursuant to the statutory formula, defendant's obligation should have been set at $131 per week. We conclude that there is no basis for extending the parents' support obligation beyond the first $80,000 of their combined income (see, Domestic Relations Law § 240 [1-b] [c] [3]), and likewise discern no special circumstances rendering defendant's statutory obligation "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [g]). (Appeal from Order of Supreme Court, Orleans County, Whelan, J.—Child Support.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.