■ In the Matter of NANCY G. BOGIN, Appellant-Respondent, v BRUCE K. GOODRICH, Respondent-Appellant. (And Two Other Related Proceedings.) [696 NYS2d 317] —Crew III, J. Cross appeals (1) from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered August 27, 1998, which, *inter alia,*

granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to terminate respondent's child support obligation with respect to one of the parties' children found to be emancipated, and (2) from an order of said court, entered September 1, 1998, which, *inter alia*, dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 4, to find respondent in violation of a prior order of child support and awarded respondent a credit toward his college contribution for the parties' son.

The parties are the biological parents of two children, Ken (born in 1976) and Angela (born in 1979). Following the parties' divorce in 1984, the children continued to reside with petitioner and respondent was ordered to, *inter alia*, pay child support in a certain specified sum. In October 1996, Angela left petitioner's residence and moved out-of-State to live with her half-sister and brother-in-law, at which time respondent's support obligation with respect to Angela was terminated pursuant to a court order.

Following her graduation from high school in May 1997, Angela returned to this State and resumed living with petitioner, prompting petitioner to commence the instant proceeding in October 1997 seeking, *inter alia*, the reinstatement of respondent's support obligation. A hearing was scheduled for November 1997 at which respondent failed to appear. An inquest ensued and, by order entered December 1, 1997, the Hearing Examiner found that Angela no longer was emancipated and adjusted respondent's support obligation accordingly. Upon respondent's motion to vacate the December 1997 order, the Hearing Officer converted such order to a temporary order and scheduled a new hearing.

By the time that the parties appeared for the hearing in April 1998, Angela again had left petitioner's residence and the parties therefore stipulated that the issue of Angela's emancipation would be limited to the period from October 7, 1997 (the date upon which the support modification petition was filed) to April 16, 1998 (the date upon which Angela moved out of petitioner's residence). At the conclusion of such hearing, the Hearing Examiner ruled that Angela indeed was emancipated and terminated respondent's support obligation.* Petitioner's subsequently filed objections were denied by Family Court by order entered August 27, 1998.

In the interim, in February 1998 and March 1998, petitioner

---

* Respondent apparently had been making payments pursuant to the December 1997 temporary order.

filed two support violation petitions alleging, *inter alia*, that respondent had failed to pay his share of the costs associated with Ken's college education. At the conclusion of the hearing that followed, the Hearing Examiner dismissed the petitions and directed that the $2,036.08 paid by respondent as support for Angela pursuant to the December 1997 temporary order be credited against respondent's obligation to contribute to Ken's college expenses. The parties' subsequent objections were denied by Family Court by order entered September 1, 1998. These cross appeals ensued.

Based upon our review of the record as a whole, we are of the view that there is insufficient evidence to support Family Court's finding that Angela was emancipated during the relevant time period (October 7, 1997 through April 16, 1998). Although Angela had, in effect, been deemed to be emancipated following her out-of-State relocation in October 1996, respondent concedes and the case law makes clear that a child's unemancipated status may be revived provided there has been a sufficient change in circumstances to warrant the corresponding change in status (*see, Matter of Hamdy v Hamdy*, 203 AD2d 958; *see also, Matter of Columbia County Dept. of Social Servs. [William O.] v Richard O.*, 262 AD2d 913). In this regard, children are deemed emancipated if they attain economic independence through employment, entry into military service or marriage and, further, may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control (*see, Matter of Mayer v Strait*, 251 AD2d 713, 714; *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 105).

Although the record demonstrates that Angela was employed for a portion of the six-month period at issue and, on occasion, worked full-time hours, the record falls far short of demonstrating that Angela was self-supporting (*see, Matter of Mayer v Strait, supra*, at 714 [child's earnings not sufficient to support finding of economic independence]). Indeed, petitioner testified that she paid for Angela's food, clothing and miscellaneous expenses during the relevant time period, in addition to providing Angela with a place to live and covering the cost of utilities (*compare, Matter of Fortunato v Fortunato*, 242 AD2d 720 [child used earnings to meet all personal expenses, including car insurance, and contributed to cost of room and board]). As the record fails to establish that Angela achieved economic independence through employment, Angela cannot be deemed to have been emancipated during the time period at issue.

In light of the foregoing conclusion, it necessarily follows

that the $2,036.08 paid by respondent pursuant to the December 1997 temporary order was properly attributable to Angela's support. Accordingly, respondent is not entitled to be reimbursed for such sum, nor may such moneys be applied as a credit against respondent's contribution to his son's college expenses. The parties' remaining contentions, including respondent's request for sanctions, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order entered August 27, 1998 is modified, on the law, without costs, by reversing so much thereof as denied petitioner's objection to the Hearing Examiner's finding that the parties' daughter, Angela Goodrich, was emancipated during the period October 7, 1997 through April 16, 1998; petitioner's objection granted to said extent and respondent's cross application to terminate his support obligation relative to Angela Goodrich during the relevant time period is denied; and, as so modified, affirmed. Ordered that the order entered September 1, 1998 is modified, on the law, without costs, by reversing so much thereof as denied petitioner's objection to the Hearing Examiner's finding that respondent was entitled to a credit in the amount of $2,036.08 against his obligation to contribute to the cost of the college education of the parties' son, Ken; objection granted to said extent and such credit denied; and, as so modified, affirmed.