In the Matter of ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHRISTOPHER L., an Infant, Appellant, v GAIL K., Respondent. [703 NYS2d 337] —Order unanimously affirmed without costs. Memorandum: Family Court properly reversed an order of the Hearing Examiner that directed respondent to pay support on behalf of her minor child, who was adjudicated a juvenile delinquent on June 24, 1998, and placed at George Junior Republic. Respondent testified before the Hearing Examiner that her son had threatened students with a knife on two occasions, resulting in expulsion from two school districts; he would not obey her lawful directives; he ran away from home; he called her vulgar names; and he assaulted a police officer. Respondent testified that her son was "totally out of control." Those actions occurred before her son's 16th birthday. Respondent admits that she is liable for support payments for her son until his 16th birthday, but contends that she is relieved of the obligation of support after that time based on the doctrine of constructive emancipation. "It is well settled that a parent of a minor child is responsible for that child's support until age 21 (Family Ct Act § 413; *see, Matter of Alice C. v Bernard G. C.,* 193 AD2d 97). However, emancipation will suspend the parent's support obligation * * * A child may be deemed constructively emancipated if, without cause, the child withdraws from parental control and supervision * * * Where a minor of employable age and in full possession of his or her faculties voluntarily and without cause abandons the parental home against the will of the parents, and for the purpose of evading parental control, he or she forfeits the right to demand support" *(Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618, 618-619).

We reject petitioner's contention that the court should not consider the acts committed by respondent's son prior to the

age of 16 (*see generally, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble, supra,* at 619). Contrary to petitioner's contention, the testimony of respondent established that her son voluntarily and without cause abandoned her home and without cause withdrew from her parental control and supervision. (Appeal from Order of Ontario County Family Court, Henry, Jr., J.—Support.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.