■ MARY E. WINNERT-MARZINEK, Appellant, v DAVID S. WINNERT, Respondent. [737 NYS2d 200] —Appeal from so much of an order of Supreme Court, Erie County (O'Donnell, J.), entered February 5, 2001, which, inter alia, reduced defendant's child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly determined that the change of residence of the parties' child from plaintiff's home to defendant's home constitutes "a change of circumstances warranting a departure from the [parties' stipulation] and requiring application of the [Child Support Standards Act (CSSA)] standards" (*Russell v Russell*, 210 AD2d 875, 876; *see,* Domestic Relations Law § 240 [1], [1-b] [*l*]) where, as here, the parties' stipulation is silent with respect to the effect of such a change of residence on child support. The parties' stipulation provides for termination of defendant's obligation to pay child support "[a]s the children reach emancipation or age 21." Contrary to plaintiff's contention, a child moving from one parent's home to the other parent's home does not constitute emancipation where, as here, the child is neither self-supporting nor independent of all parental control. The stipulation is "tellingly silent" on the effect of a child's change of residence on child support and thus we conclude that such an occurrence constitutes an unanticipated change of circumstance (*Riseley v Riseley*, 173 AD2d 1103, 1104; *see, Russell v Russell, supra* at 876; *cf., Rocchio v Rocchio*, 213 AD2d 535, 536-537; *Tuchrello v Tuchrello*, 204 AD2d 1020).

The court did not abuse its discretion in using plaintiff's most recent Federal income tax return in calculating the par-

ties' child support obligations under the CSSA (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Fuchs v Fuchs,* 276 AD2d 868, 872). Although "[n]othing in the statute prohibits reliance upon partial information from a tax year not yet completed" (*Matter of Monroe County Dept. of Social Servs. [Mercado] v Mercado,* 241 AD2d 948, 948), there is no evidence in the record to support the contention of plaintiff that her medical condition is permanent in nature, resulting in a permanent decrease in earnings.

We further conclude that the court did not abuse its discretion in declining to impute income to defendant and in declining to excuse plaintiff from the basic child support obligation. Courts have "considerable discretion to attribute or impute an annual income to a parent" (*Blaise v Blaise,* 241 AD2d 680, 682; *see,* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *Barnaby v Barnaby,* 259 AD2d 870, 872), but "the exercise of that discretion 'must have some basis in law and fact' " (*Matter of Cattaraugus County Commr. of Social Servs. [Bund] v Bund,* 259 AD2d 973, 974, quoting *Petek v Petek,* 239 AD2d 327, 328; *see, Martusewicz v Martusewicz,* 217 AD2d 926, 927, *lv denied* 88 NY2d 801). Additionally, a court may deviate from the basic child support obligation if it finds that the noncustodial parent's pro rata share is inappropriate or unjust (*see,* Domestic Relations Law § 240 [1-b] [f]; *Carlson-Subik v Subik,* 257 AD2d 859, 861; *see also, Martusewicz v Martusewicz, supra* at 928). Here, however, the record does not support the assertions of plaintiff that defendant was hiding income and assets that he received from his family-owned business or that it would be unjust to impose the basic child support obligation based on defendant's "ample" resources and her "permanent disability." Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.