Matter of C.L.D. v V.L.D. (2003 NY Slip Op 51601(U))

[*1]

Matter of C.L.D. v V.L.D.

2003 NY Slip Op 51601(U)

Decided on December 19, 2003

Family Court, Onondaga County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2003

Family Court, Onondaga County
In the Matter of C.L.D., Petitioner, V.L.D., Respondent.
Index No. 00000

John C. Englebrecht, Syracuse, for petitioner. Eric Sherwood, Syracuse, (Stuart J. LaRose of counsel) for respondent. Theresa Heath, Law Guardian.

Michael L. Hanuszczak, J.
The petitioner filed a petition on July 15, 2003 seeking modification of the child support order dated December 16, 1996. The petitioner alleged that his child support obligation should be discontinued since his daughter refuses to see or communicate with him. The petitioner also alleged that he was not allowed to see his daughter's medical records. The matter came before the Support Magistrate who transferred the proceeding to a Family Court judge as required by Section 439 (a) of the Family Court Act.
On December 19, 2003, the petitioner appeared telephonically, and his attorney appeared in person; the respondent appeared in person, together with her attorney; and the Law Guardian also appeared in person. At prior Court appearances, the Court noted that the subject child, who was fourteen (14) years of age at the time of the instant Court appearance, resides with the respondent in Syracuse, New York, while the petitioner resides in Charlotte, North Carolina. The attorney for the respondent has moved to dismiss the father's petition for failure to state a cause of action as a matter of law. After hearing oral arguments, the Court granted the motion and dismissed the petition without prejudice for failure to state a cause of action upon which relief could be granted.
It is a matter of fundamental policy that the parents of an unemancipated child are responsible for the support of that child. (Family Court Act, § 413.) However, a child who is otherwise unemancipated may constructively emancipate himself or herself if he or she withdraws from parental control and supervision without cause. In such cases, courts have held that the obligation of the parent to support the child may be suspended by the court. (Matter of Doe v. Roe, 29 NY2d 188; Christopher L. v. Gail K., 269 AD2d 847.) Courts have expanded the doctrine of constructive emancipation to include a child of employable age who actively abandons the noncustodial parent by refusing all contact without cause. (Basi v. Basi, 136 AD2d 945; Ogborn v. Hilts, 269 AD2d 679; Alice C. v. Bernard G.C., 193 AD2d 97; Chamberlain v. Chamberlain, 240 AD2d 908; Wiegert v. Wiegert, 267 AD2d 620.)
In the instant proceeding, the subject child is not of employable age, and it is uncontroverted that the child is dependent upon her parents for financial support. Therefore, as a matter of law, the child support order may not be suspended at this time. As there is no relief that can be afforded to the petitioner, the motion for dismissal is granted and the petition is dismissed without prejudice. So Ordered.
/s/ Michael L. Hanuszczak 
[*2]
MICHAEL L. HANUSZCZAK
Family Court Judge
Decision Date: December 19, 2003