■ In the Matter of RONALD J. DONNELLY, Appellant, v DIANE M. DONNELLY, Respondent. [788 NYS2d 466]—

Spain, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered June 26, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

Petitioner and respondent were married in 1981 and are the parents of four children. In November 2000, petitioner was removed from the family home after being found guilty, following a trial, of neglect based upon abuse of the eldest child, now emancipated. By order of Family Court, respondent retained custody of the children and petitioner was directed to pay child support and was subject to an order of supervision restricting visitation. In November 2002, the parties' second child, Brandon, moved out of respondent's home on his eighteenth birthday and moved in with petitioner. Shortly thereafter, as relevant to this appeal, petitioner commenced this proceeding to modify the child support order, seeking, among other things, child support from respondent for Brandon.

Following a hearing, the Support Magistrate agreed with respondent's assertion in opposition that Brandon's voluntary abandonment of her home, after failing to comply with the reasonable rules of the household, constituted constructive emancipation and forfeited his right to support from respondent. Family Court issued a written decision which, among other things, affirmed that finding and rejected petitioner's objections. On petitioner's appeal, we affirm.

As a threshold matter, we reject petitioner's contention that the Support Magistrate lacked the authority to determine respondent's defense of constructive emancipation. This issue arose in the context of petitioner's petition for modification of the existing Family Court child support order and, as such, is

not statutorily precluded but, rather, falls within the express grant of authority conferred upon Support Magistrates to "hear, determine and grant any relief within the powers of the [Family] [C]ourt in any proceeding under . . . article [4 of the Family Court Act]" (Family Ct Act § 439 [a]; *see Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Chambers v Chambers*, 295 AD2d 654, 654-655 [2002]; *cf. Matter of Commissioner of Social Servs. [Kelly EE.] v Allan EE.*, 241 AD2d 688, 688-689 [1997]; *Matter of Rubino v Morgan*, 203 AD2d 698, 699-700 [1994]).

On the merits, under well-established law, a parent's obligation to support a child until he or she reaches age 21 (*see* Family Ct Act § 413) may be suspended where the child, although not financially self sufficient, abandons that parent's home without sufficient cause and withdraws from the parent's control, refusing to comply with reasonable parental demands, under the doctrine of constructive emancipation (*see Matter of Roe v Doe*, 29 NY2d 188, 193 [1971]; *Matter of Ontario County Dept. of Social Servs. [Christopher L.] v Gail K.*, 269 AD2d 847, 847 [2000], *lv denied* 95 NY2d 760 [2000]; *see also Matter of Parker v Stage*, 43 NY2d 128, 134 [1977]; *Matter of Chambers v Chambers, supra* at 654-655). Thus, "a child of employable age and in full possession of his or her faculties who voluntarily abandons his or her parents' home against their will, and for the purpose of avoiding parental discipline and control, may be deemed to have forfeited his or her right to parental financial support" (*Matter of Columbia County Dept. of Social Servs. [William O.] v Richard O.*, 262 AD2d 913, 914 [1999]; *see Matter of Roe v Doe, supra* at 193-194).

Here, there was ample, virtually unrefuted evidence that Brandon's decision to depart his mother's home was voluntary, prompted by her insistence that he follow entirely legitimate and reasonable household rules and standards of acceptable behavior after having failed to do so for a prolonged period of time (*see Matter of Roe v Doe, supra* at 194; *Matter of Chambers v Chambers, supra* at 655). Respondent's testimony established that Brandon stole from her, subjected her to acts of violence and verbal abuse, failed to attend school, abused alcohol and drugs, was arrested, barricaded his room and sequestered a girlfriend in his room for days, all in total defiance of respondent's reasonable rules and expectations. Respondent testified that, after his departure, she maintained contact with him despite his continued unacceptable behavior, and she wanted and would allow him to return home if he abided by reasonable household rules (*see Matter of Chambers v Chambers, supra* at

655; *Matter of Ontario County Dept. of Social Servs. [Christopher L.] v Gail K., supra* at 847-848; *cf. Matter of Alice C. v Bernard G.C.,* 193 AD2d 97, 106-109 [1993]). Having chosen to "deliberately flout" (*Matter of Roe v Doe, supra* at 193) respondent's legitimate mandates and voluntarily abandon home to avoid her parental discipline and control, Brandon has forfeited the right to support from her. We thus discern no basis upon which to disturb Family Court's determination in that regard (*see Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618, 619 [1996]).

Petitioner's remaining claims lack merit.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.