■ In the Matter of HOLLY M. KENDALL, Respondent, v GARY P. FAZZONE, Appellant. [793 NYS2d 779]—

Carpinello, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered June 18, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

The parties are the parents of three children, currently ages 20, 21 and 23. This proceeding concerns respondent's child support obligations for the oldest and youngest children.* Granting due deference to Family Court's findings in this matter, we are satisfied that petitioner showed a sufficient change in circumstances when she commenced this modification proceeding in July 2002, namely, that the parties' oldest child, previously emancipated, moved back into her home while attending a local community college (see Matter of Bogin v Goodrich, 265 AD2d 779 [1999]; see generally McMillen v Miller, 15 AD3d 814 [2005]; Matter of Hamdy v Hamdy, 203 AD2d 958 [1994]; Riseley v Riseley, 173 AD2d 1103 [1991]). Moreover, upon our consideration of the record, we find no abuse of discretion in the imputation of income to either party (see Family Ct Act § 413 [1] [b] [5]), including a $65,000 "loan" given to respondent in 2001 by his then wife to pay child support arrears (see Family Ct Act § 413 [1] [b] [5] [iv] [D]; see generally Matter of Boyette v Wilson, 291 AD2d 908 [2002]; Matter of Duguay v Paoletti, 279 AD2d 767 [2001]). Finally, we find no abuse of discretion in applying the Child Support Standards Act to the parties' combined income over $80,000 (see generally Matter of Cassano v Cassano, 85 NY2d 649 [1995]).

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* When petitioner commenced this modification proceeding, the parties' oldest child was not yet 21 years old.