In the Matter of DAVID L. STABLEY, Respondent, v PHYLLIS A. CACI-STABLEY, Appellant. [891 NYS2d 845]—

Memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 4 seeking an order directing respondent mother to pay child support for the parties' daughter. The mother appeals from an order adopting the previ-

ous findings and decision of Family Court (Szczur, J.), which determined that the daughter is not emancipated, and denying the mother's objection to the Support Magistrate's order that, inter alia, directed the mother to pay child support to the father. We affirm. Contrary to the mother's contention, we conclude that the court properly determined that the parties' daughter did not emancipate herself. The evidence in the record before us establishes that the parties' daughter is a college student who is supported by her parents, and that she relocated from the mother's residence to the father's residence with the permission of the father. The record further establishes that, although the mother did not want her daughter to relocate to the father's residence, the mother eventually acquiesced with respect to the move. "[A] child moving from one parent's home to the other parent's home does not constitute emancipation where, as here, the child is neither self-supporting nor independent of all parental control," i.e., the daughter did not become independent of her parents' control inasmuch as the father expressly permitted her to move in with him and the mother "acquiesced" with respect thereto (*Winnert-Marzinek v Winnert*, 291 AD2d 921, 921 [2002]; *see Matter of Burns v Ross*, 19 AD3d 801, 802 [2005]; *see also Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]; *see generally Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]).

We have reviewed the mother's remaining contentions and conclude that they are lacking in merit.

All concur except Martoche, J., who dissents and votes to reverse in accordance with the following memorandum.

Martoche, J. (dissenting). I respectfully dissent and would reverse the order inasmuch as I cannot agree with the majority that the parties' daughter did not emancipate herself by moving out of respondent mother's home and into petitioner father's home. In support of its conclusion that the daughter was not emancipated, the majority relies on our decision in *Winnert-Marzinek v Winnert* (291 AD2d 921, 921 [2002]), in which we concluded that a child who moves from one parent's home to the other parent's home is not emancipated where "the child is neither self-supporting nor independent of all parental control." The decision in that case, however, does not indicate why the child left the custodial parent's home. In my view, the majority's conclusion is belied by well-settled case law establishing that "a parent's obligation to support a child until he or she reaches age 21 . . . may be suspended where the child, although not financially self sufficient, abandons the parent's home without sufficient cause and withdraws from the parent's control, refus-

ing to comply with reasonable parental demands, under the doctrine of constructive emancipation" (*Matter of Donnelly v Donnelly*, 14 AD3d 811, 812 [2005]; *see Matter of Roe v Doe*, 29 NY2d 188, 193 [1971]; *Matter of Ontario County Dept. of Social Servs. v Gail K.*, 269 AD2d 847 [2000], *lv denied* 95 NY2d 760 [2000]).

The facts of this case are closely analogous to *Donnelly*, where the child moved out of the mother's home and into the father's home in order to avoid the mother's household rules, which according to the Third Department's decision were "virtually unrefuted" to be reasonable and legitimate (14 AD3d at 812). In that case, the Third Department concluded that, although the child remained under the control of one parent, he chose to " 'deliberately flout' . . . [the mother's] legitimate mandates and voluntarily abandon [her] home to avoid her parental discipline and control, [and thereby] forfeited the right to support from her" (*id.* at 813). Thus, contrary to the majority's conclusion, a child may be constructively emancipated even when the child moves from the home of one parent to the other parent's home, where the child is of employable age and voluntarily abandons the home of the custodial parent against the will of that parent, for the purpose of avoiding parental discipline and control (*see id.* at 812).

In my view, this is clearly a case of constructive emancipation from the custodial parent. At the time of the hearing, the daughter was 18 years old, and she was a full-time college student with a part-time job. The record contains ample, undisputed evidence that the daughter's decision to leave the mother's home was voluntary and was instigated by the mother's insistence that the daughter follow what can only be described as entirely legitimate and reasonable household rules. When the daughter was questioned at the hearing by the mother's attorney whether she voluntarily moved out of her mother's house because she wanted "to be free of any control that [her] mother attempted to exercise over [her], the daughter responded in the affirmative." Specifically, the daughter conceded that one of the reasons that she moved out of her mother's home was that her mother "set conditions with respect to sleep overs." In addition, the daughter admitted that, although she was indeed able to comply with the conditions imposed by her mother, she "didn't like" them. Also, the daughter responded in the affirmative when the mother's attorney asked whether she "didn't like the fact that [her] mother questioned [her] about who [she was] going out with or where [she was] going or how [she was] getting around from place to place." According to the testimony of the daugh-

ter, she "didn't think that [she] should have to answer all those questions." Furthermore, the record establishes that the mother was surprised when her daughter left and she did not "consent to her leaving." Contrary to the statement of the majority, the mother did not acquiesce in the change of residence. Rather, the record establishes that the mother believed that it was "hopeless" to ask her daughter to reconsider. In light of the mother's testimony, I conclude that the daughter moved out of the mother's home voluntarily, without the mother's permission, and for the purpose of avoiding discipline and control (*see Donnelly*, 14 AD3d at 812-813).

The majority's decision effectively allows an 18-year-old individual who is capable of being self-supporting to overrule a court's child support determination. Indeed, unless there is a showing that a parent receiving child support has acted in a manner contrary to the best interests of the child or is otherwise unfit, thus rendering the child's move to the other parent's home not truly voluntary, I would not require the prior custodial parent to pay child support to the present custodial parent when the child has constructively, without justifiable cause, emancipated himself or herself from the control of the prior custodial parent. I therefore would reverse the order, grant the mother's objection to the Support Magistrate's order, and dismiss the petition. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.