# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1349**
**CAF 12-01059**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF ELIZABETH A. JEFFERY,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

GEOFFREY R. SPRAGUE, RESPONDENT-RESPONDENT.

---

MICHELLE A. COOKE, BATH, FOR PETITIONER-APPELLANT.

WENDY L. GOULD, BATH, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), dated January 3, 2012 in a proceeding pursuant to Family Court Act article 4. The order denied the petition for an increase in child support.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order of Family Court that granted respondent father's objections to the order of the Support Magistrate and denied the petition for an increase in child support. We reject the mother's contention that, in determining whether to grant the objections to the Support Magistrate's order, the court was limited to determining whether the Support Magistrate abused his discretion. Although "[t]he greatest deference should be given to the decision of the [Support Magistrate,] who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of DeNoto v DeNoto*, 96 AD3d 1646, 1648 [internal quotation marks omitted]), the court "was empowered to 'make, with or without holding a new hearing, [its] . . . own findings of fact' " (*Matter of Boyer v Boyer*, 261 AD2d 968, 968, quoting Family Ct Act § 439 [e] [ii]; *see Matter of Kellogg v Kellogg*, 300 AD2d 996, 996). Thus, the court had broad authority to review the order of the Support Magistrate and to grant a party's objections to the order upon determining that it would impose a hardship on that party. On this record, we conclude that the court properly concluded that using the father's 2010 income, which was higher than his 2011 income, to determine that he could afford to pay more than double the amount of his previous child support payments would result in a nearly impossible financial situation for the father at his 2011 earning level. Furthermore, "[c]ourts have 'considerable discretion to attribute or impute an annual income to a parent' " (*Winnert-Marzinek v Winnert*, 291 AD2d 921, 922), and we conclude that the court did not

abuse its discretion in declining to impute income to the father.

Entered: February 1, 2013

Frances E. Cafarell
Clerk of the Court