# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**755**
**CA 14-02174**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

DAWN L. BAKER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY P. BAKER, DEFENDANT-APPELLANT.

---

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEONARD G. TILNEY, JR., LOCKPORT, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered April 8, 2014. The order, insofar as appealed from, denied that part of defendant's motion seeking an award of child support.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of defendant's motion seeking an award of child support is granted, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Defendant father, as limited by his brief, contends that Supreme Court erred in denying his motion insofar as he sought an order directing plaintiff mother to pay child support for the parties' son. In denying that part of the motion, the court concluded that there was insufficient proof to justify a change in the child's emancipation status.

We agree with the father that the court erred in concluding that the child's return to parental custody and control neither revived his unemancipated status nor reinstated the support obligations of his parents. It is well settled that " '[a] parent is obligated to support his or her child until the age of 21' " (*Matter of Cedeno v Knowlton*, 98 AD3d 1257, 1257; *see* Family Ct Act § 413 [1] [a]). It is equally well settled that "[e]mancipation of the child suspends or terminates this duty to support" (*Matter of Thomas B. v Lydia D.*, 69 AD3d 24, 28; *see Cedeno*, 98 AD3d at 1257). "[C]hildren are deemed emancipated if they attain economic independence through employment, entry into military service or marriage and, further, may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control" (*Matter of Bogin v Goodrich*, 265 AD2d 779, 781).

In this case, the record establishes, and the parties stipulated, that the child was constructively emancipated in June 2012 when he

moved out of the mother's residence and into an apartment with friends in an effort to avoid the mother's rules requiring him to attend school and not use illicit drugs (*see e.g. Matter of Donnelly v Donnelly*, 14 AD3d 811, 812; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d 913, 914-915; *see generally Matter of Parker v Stage*, 43 NY2d 128, 133-134; *Matter of Roe v Doe*, 29 NY2d 188, 193). The issue in this appeal is whether the child's unemancipated status was revived when he moved in with his father after "being treated for withdrawal" (*see e.g. Matter of Kendall v Fazzone*, 18 AD3d 908, 908; *Bogin*, 265 AD2d at 781; *Matter of Hamdy v Hamdy*, 203 AD2d 958, 958-959).

"[T]he case law makes clear that a child's unemancipated status may be revived provided there has been a sufficient change in circumstances to warrant the corresponding change in status" (*Bogin*, 265 AD2d at 781). "Permitting reversion to unemancipated status is consistent with the statutory principle that parents are responsible for the support of their dependent children until the children attain the age of 21" (*Hamdy*, 203 AD2d at 958). Generally, a return to the parents' custody and control has been deemed sufficient to revive a child's unemancipated status (*see e.g. Kendall*, 18 AD3d at 908; *Bogin*, 265 AD2d at 780-781; *cf. Matter of Chambers v Chambers*, 295 AD2d 654, 655). Although most of the cases concerning a revival of a child's unemancipated status involve a child's return to the home that he or she abandoned versus the home of the noncustodial parent (*see e.g. Kendall*, 18 AD3d at 908; *Bogin*, 265 AD2d at 780), we conclude that the return to the noncustodial parent's supervision and control does not preclude a revival of unemancipated status inasmuch as it has generally been held that "the move from one parent's home to the other parent's home does not constitute emancipation as th[e] child is neither self-supporting nor free from parental control" (*Matter of Burns v Ross*, 19 AD3d 801, 802; *see Matter of Stabley v Caci-Stabley*, 68 AD3d 1682, 1683; *cf. Donnelly*, 14 AD3d at 812-813). In this case, the child did not immediately move in with the father after flouting the mother's rules (*cf. Donnelly*, 14 AD3d at 812-813). Rather, he engaged in treatment for his addiction and then resumed living under the supervision and control of a parent while attending school. We thus conclude that the facts of this case are distinguishable from those in *Donnelly*.

We reject the mother's contention that, because the father stipulated to the earlier order, he was required to establish an unanticipated and unreasonable change of circumstances (*see generally Matter of Boden v Boden*, 42 NY2d 210, 213). Despite the father's stipulation that the child was emancipated, "[t]he child . . . is not bound by the terms of [that] agreement" (*id.* at 212), and the issue in this case is the child's right to receive adequate support (*see generally Matter of Brescia v Fitts*, 56 NY2d 132, 139-140). Even assuming, arguendo, that the father was required to show an unanticipated and unreasonable change of circumstances, we would nevertheless conclude that the child's substance abuse treatment and return to parental custody and control constitute such a change of circumstances (*see generally Winnert-Marzinek v Winnert*, 291 AD2d 921,

921).

In our view, the reversion to unemancipated status under the facts of this case would promote the underlying statutory principles requiring parents to support children until they reach the age of 21 (*see Hamdy*, 203 AD2d at 958). Inasmuch as "[t]he record amply supports the finding that the parties' son lived with [the father] during the relevant period and was not emancipated, . . . an award of child support [to the father is] appropriate" (*Matter of DiOrio v Rossman*, 73 AD3d 1352, 1352). We therefore reverse the order insofar as appealed from, grant that part of the father's motion seeking an award of child support and remit the matter to Supreme Court to calculate the amount of child support owed by the mother to the father.

Entered:  June 12, 2015                        Frances E. Cafarell
                                               Clerk of the Court