Matter of Beck v Beck (2021 NY Slip Op 00222)





Matter of Beck v Beck


2021 NY Slip Op 00222


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

531709

[*1]In the Matter of Stacey L. Beck, Petitioner,
v
Jason C. Beck, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Jason C. Beck, Pattersonville, appellant pro se.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Saratoga County (Pelagalli, J.), entered October 11, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children, a son and daughter (born in 2001 and 2003, respectively). In 2009, in anticipation of their impending divorce, the mother and the father entered into an agreement that was incorporated into, but not merged with, their divorce decree. The agreement recited that the mother and the father were deviating from the provisions of the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) based on shared physical custody of the children. Pursuant to the agreement, the father paid biweekly child support in the amount of $112.60. The parties were divorced in December 2009. In February 2017, the father sought to modify the custodial arrangement, seeking primary physical custody of the son. In 2018, Family Court, among other things, awarded the father primary physical custody of the son with therapeutic visitation to the mother, and awarded the mother primary custody of the daughter with parenting time to the father on alternating weekends. Based upon this modified custodial arrangement, the father sought to reduce his child support. Since the father and the mother each had physical custody of one child, the parties agreed that child support would be offset and "netted out," whereby they stipulated that the father's payments would be decreased to a biweekly payment of $70. This stipulation was incorporated into a July 2018 Family Court support order.
In February 2019, the mother, alleging, among other things, that the son was constructively emancipated, filed a modification petition seeking both termination of her obligation of child support for the son and recalculation of support due her for the daughter based on the CSSA standards. During the proceeding, the son became emancipated, as he enlisted in the military and no longer resided with the father. Following a fact-finding hearing, the Support Magistrate found that the son's emancipation constituted a substantial change in circumstances, and that the father's support, per the CSSA, was $604.59 biweekly. After taking into account various factors, including the parties' shared custody of the daughter during the summer months, and the fact that the father was paying the entire cost of the child's health insurance, the Support Magistrate deviated from the CSSA and ordered the father to pay biweekly support payments in the amount of $450. The father filed objections to the Support Magistrate's findings. Family Court affirmed the Support Magistrate's order. The father appeals.
Initially, the father's contentions with respect to the 2009 agreement [FN1] are without merit. The order that the mother sought to modify was not the 2009 divorce decree[*2], which incorporated the 2009 agreement, but Family Court's July 2018 order, entered on consent, which modified the 2009 agreement. "Where a party seeks to modify a child support order entered on consent, he or she has the burden of showing that there has been a substantial change in circumstances" (Matter of Anderson v Anderson, 92 AD3d 779, 780 [2012] [internal quotation marks and citations omitted]; see Matter of Merritt v Merritt, 160 AD3d 870, 872 [2018]).
A parent is statutorily obligated to support his or her child until the age of 21 (see Family Ct Act § 413 [1] [a]). However, emancipation of the child terminates the support obligation. A child is deemed emancipated if he or she enters the military service (see Matter of Bogin v Goodrich, 265 AD2d 779, 781 [1999]; Matter of Mayer v Strait, 251 AD2d 713, 714 [1998]). The record demonstrates that the son entered the military service on July 8, 2019. Accordingly, the mother was entitled to terminate her support obligation on this basis, and Family Court properly found a substantial change in circumstances.
Next, the father contends that Family Court erred in determining that the basis for the petition, constructive emancipation/abandonment of the mother by the son, was moot. Emancipation is automatic when the child enters the military service (see Matter of Thomas B. v Lydia D., 69 AD3d 24, 28 [2009]; Matter of Bogin v Goodrich, 265 AD2d at 781). The father conceded that the son enlisted in the Army on July 8, 2019. Under these circumstances, where the emancipation event was uncontested and automatic, it rendered the mother's allegations of constructive emancipation/abandonment moot.
Although the father argues that the financial obligations are no longer fair and equitable, he received the benefit of the two prior agreements for 11 years. On this occasion, the parties did not reach an agreement and, therefore, the determination of the appropriate amount of child support was left to the Support Magistrate. The calculation of child support pursuant to the CSSA contains a rebuttable presumption that the application of the CSSA will yield a correct amount of child support (see Matter of Jennifer VV. v Lawrence WW., 183 AD3d 1202, 1204 [2020]). The record reveals no support for the father's contention that application of the CSSA results in an unjust or inappropriate support obligation. More to the point, the amount assigned to the father is not pursuant to the CSSA. Rather, the father received the benefit of the Support Magistrate's downward deviation from the CSSA, which significantly lowered his biweekly amount of child support. As such, we find no basis to disturb Family Court's order. We have reviewed the father's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father contends that the parties consented to deviate from the CSSA in the 2009 agreement based upon a shared custody arrangement, wherein both children would spend approximately 50% of their time with each parent. As the father conceded, there is now only one child subject to custody, and his parenting time with the daughter is every other weekend and one half of the summer. He further contends that the agreement anticipated the early emancipation of a child and, as such, this event cannot qualify as an "unanticipated" event so as to warrant modification.