Matter of Prusky v Fredrick (2021 NY Slip Op 01102)





Matter of Prusky v Fredrick


2021 NY Slip Op 01102


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529751

[*1]In the Matter of Lisa M. Prusky, Respondent,
v
Keith M. Fredrick, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ.


Whiteman Osterman & Hanna LLP, Albany (Bruce J. Wagner of counsel), for appellant.
Casey Law LLC, Cohoes (John B. Casey of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered June 28, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior child support obligation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2004 and 2008). The March 2014 judgment of divorce incorporated, but did not merge, a stipulation of settlement which, as relevant here, required the father to pay child support to the mother in the amount of $1,001 per month plus 25% of any net bonuses or commission income earned from his employment up to a limit of $150,000 for all gross income per annum. The stipulation also provided that monthly child support would increase as the mother's maintenance payments decrease, resulting in a maximum child support obligation of $1,250 per month when the maintenance payments terminated. In January 2018, following the termination of maintenance, the mother commenced this proceeding seeking an upward modification in child support on the basis that three years had passed since the last order and there was a 15% increase in the father's income (see Family Ct Act § 451 [3] [b]). Following a fact-finding hearing, the Support Magistrate ordered an upward modification of the father's total child support obligation to $2,111 per month, which amount did not include income derived from bonuses or commissions that was part of the 2014 stipulation. The Support Magistrate reasoned that the increased support obligation would be more than sufficient to meet the children's needs and that the mother "should not receive a windfall." The mother then filed objections to the Support Magistrate's determination. Family Court sustained the mother's objections and modified the Support Magistrate's order by adding to the monthly support obligation, which the court found to be $2,110.84, plus 25% of the father's net bonuses and commission income up to a limit of $150,000 for all gross income for each tax year. The father appeals.
The Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) sets forth a "precisely articulated, three-step method for determining child support" (Matter of Cassano v Cassano, 85 NY2d 649, 652 [1995]; see Family Ct Act § 413 [1] [b] [1]). The first step requires the computation of combined parental income, as derived from each parent's gross income as reported on the most recent federal tax return, and then adding other income or compensation that the court deems should be imputed to either parent (see Family Ct Act § 413 [1] [b] [4], [5]; Matter of Fanelli v Orticelli, 178 AD3d 700, 702 [2019]). Second, the court multiplies the combined parental income, consistent with the limit imposed by the annual child support standards chart (see Social Services Law § 111-i [2]), by the "appropriate child support percentage" (Family Ct Act § 413 [1] [c] [2]), which here is 25% for [*2]two children (see Family Ct Act § 413 [1] [b] [3] [ii]), and such amount is then "prorated in the same proportion as each parent's income is to the combined parental income" to reach the amount of each parent's support obligation (Family Ct Act § 413 [1] [c] [2]; see Holterman v Holterman, 3 NY3d 1, 11 [2004]). Third, where the combined parental income exceeds the statutory cap, "the court shall determine the amount of child support for the amount of combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of [Family Ct Act § 413 (1)] and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]; see Holterman v Holterman, 3 NY3d at 11; Matter of Cassano v Cassano, 85 NY2d at 653; Matter of Marcklinger v Liebert, 88 AD3d 1114, 1115 [2011]). After completing the three-step process, the court "may adjust the amount calculated only if, after examining the paragraph (f) factors, it finds that the noncustodial parent's share is unjust or inappropriate," and, where such conclusion is reached, "it must order the noncustodial parent to pay an amount it deems just and appropriate and is required to set forth in its decision the paragraph (f) factors it considered" (Holterman v Holterman, 3 NY3d at 14 [internal quotation marks and citations omitted]; see Family Ct Act § 413 [1] [f], [g]; Kimberly C. v Christopher C., 155 AD3d 1329, 1333 [2017]). "In calculating child support, the CSSA contains a rebuttable presumption that application of the guidelines will yield the correct amount of child support" (Matter of Jennifer VV. v Lawrence WW., 183 AD3d 1202, 1204 [2020] [internal quotation marks, brackets and citations omitted]).
In the instant case, the Support Magistrate failed to properly apply the guidelines in at least two respects. First, the Support Magistrate failed to use the father's gross income of $160,968.07 as reflected on his 2018 federal tax return, and, as a result, the combined parental income was reduced and the mother's child support was $460 lower than if the proper calculations were made. Moreover, although the father's income exceeded the statutory cap, the Support Magistrate did not analyze the factors set forth in Family Ct Act § 413 (1) (f) to ascertain whether the resulting child support amount was unjust or inappropriate and should be adjusted. Family Court, in sustaining the mother's objections, properly utilized the father's most recent financial information to determine the amount of combined parental income. However, the court applied the father's pro rata share to his "base salary of $110,000" and awarded the mother 25% of his net bonuses or commission income. Thus, rather than considering whether the amount of child support arrived at was unjust or inappropriate (see Family Ct Act § 413 [1] [f]) and should be adjusted, the court simply borrowed a page from the provisions of the stipulation and ruled that the mother receive "25% of [the father's] net [*3]bonus or commission income up to a limit of $150,000 for all gross income for each tax year." In view of the foregoing, and given that Family Court failed to adhere to the CSSA protocols in fashioning the child support award, we find that the court's determination lacks a sound and substantial basis in the record warranting reversal and remittal for Family Court to calculate the father's child support obligation in accordance with the CSSA (see Sadaghiani v Ghayoori, 83 AD3d 1309, 1312 [2011]).
Egan Jr., J.P., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.