Matter of Piraino v Piraino (2025 NY Slip Op 04138)

Matter of Piraino v Piraino

2025 NY Slip Op 04138

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-24-1251
[*1]In the Matter of Danielle Piraino, Respondent,
v
Albert Piraino, Appellant. (And Another Related Proceeding.)

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Falco & Morton Law, PLLC, Clifton Park (Katrin E. Falco of counsel), for respondent.

Powers, J.
Appeal from an order of the Family Court of Saratoga County (Michael Hartnett, J.), entered March 14, 2024, which, among other things, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of a Support Magistrate.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2009 and 2011). The parties divorced in 2016 and entered into a separation agreement that was incorporated, but not merged, into their judgment of divorce requiring the father to pay certain child support. In May 2023, the mother filed a petition seeking an upward modification of the father's child support obligations, and the father cross-petitioned for downward modification. As is relevant here, following a fact-finding hearing, a Support Magistrate (De La Fleur, S.M.) granted the mother's petition and dismissed the father's cross-petition. The Support Magistrate explained that the mother is limited to work on a part-time, per diem basis, which allows her to be available to the children before and after school and, considering this, imputed income to her based upon full-time employment at minimum wage. On the other hand, the father is employed full time and, with overtime pay, earns approximately $180,000 per year. Finding support above the statutory cap warranted, the Support Magistrate determined the father's pro rata share of the basic child support obligations to be $1,621 biweekly, less the mother's pro rata share of health insurance premiums for the children, resulting in a biweekly obligation of $1,606.10.[FN1] The father filed objections to this determination taking issue with, among other things, the utilization of his overtime earnings in the calculation of his income and the imputation of income to the mother at minimum wage rather than $20 per hour, which was her rate of pay in her per diem position. Family Court (Hartnett, J.) denied the objections, finding that the Support Magistrate did not abuse his discretion in calculating support. The father appeals (see generally Family Ct Act § 439 [e]).[FN2]
The father argues that Family Court abused its discretion in denying his objections to the Support Magistrate's order. The father specifically alleges, among other things, that the Support Magistrate should have calculated the basic support obligations utilizing his base salary, not including overtime, and that income should have been imputed to the mother at a pay rate of $20 per hour, rather than minimum wage, for a 40-hour work week. We disagree and, that being so, affirm.
A "court may modify an order of child support" where "there has been a change in either party's gross income by [15%] or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451 [3] [b] [ii]; see Matter of Christopher C. v Kimberly C., 177 AD3d 1129, 1129 [3d Dept 2019]). Relevant thereto, the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) establishes "[*2]a precisely articulated, three-step method for determining child support" (Matter of Prusky v Fredrick, 191 AD3d 1117, 1118 [3d Dept 2021] [internal quotation marks and citation omitted]). Under the first step, the parties' combined parental income is computed utilizing the gross income as reported in their most recent federal tax returns in conjunction with any other income or compensation as is further categorized therein (see Family Ct Act § 413 [1] [b] [1], [4]-[5]). In determining the parties' income, the court may, in its discretion, "attribute or impute income from such other resources as may be available to the parent" (Family Ct Act § 413 [1] [b] [5] [iv]). In this respect, "[i]ncome may be imputed based on a party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Johnson v Johnson, 172 AD3d 1654, 1656 [3d Dept 2019][internal quotation marks and citation omitted]). This Court defers to the underlying credibility determinations with respect to the imputation of income (see DeCrescenzo v Suslak, ___AD3d ___, ___, 2025 NY Slip Op 03114, *2 [3d Dept 2025]).
Under the third step,[FN3] where the combined parental income exceeds the statutory cap, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of [specified] factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]). If the court determines, based upon specified factors, that the non-custodial parent's pro rata share is unjust or inappropriate, it "shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate" (Family Ct Act § 413 [1] [g]; see Family Ct Act § 413 [1] [f]). "The calculation of child support pursuant to the CSSA contains a rebuttable presumption that the application of the CSSA will yield a correct amount of child support" (Matter of Beck v Beck, 190 AD3d 1148, 1150 [3d Dept 2021] [citation omitted]).
The mother testified that she had been previously employed full time in an administrative capacity but needed to leave this position to be home with the children when they were taking part in virtual schooling during the COVID-19 pandemic. The mother was then unemployed until the children returned to in-person schooling full time in March 2022. At that time, she returned to work for her prior employer at a rate of $20 per hour, on a per diem basis, because the employer was unable to offer her a full-time position. In September 2023, the mother also began working as a substitute teacher. These positions allow her to be available to the children before and after school. The mother testified as to her income in the preceding years, provided a financial disclosure and attested to her expenses. The father testified that he is employed by the State Police and received a promotion since the prior [*3]support order. He reported his current base salary as well as provided his 2022 income tax return. This tax return showed a higher income than he had reported as his salary, which the father attributed to overtime work. He explained his current financial situation, including debts and expenses.
The father's challenges to the Support Magistrate's calculation of the combined parental income under the first step of the CSSA are without merit. Initially, the Support Magistrate did not abuse his discretion in including the father's overtime pay as income. His earned overtime was reported in his most recent tax return, and he presented no evidence that overtime would no longer be available or that he would be limited to his base salary (see Matter of Thomas T. v Judith S., ___ AD3d ___, ___, 2025 NY Slip Op 02634, *1 [3d Dept 2025]; Matter of Simpson v Cyrius, 220 AD3d 708, 709 [2d Dept 2023]). Nor did the Support Magistrate abuse his discretion in declining the father's request to impute income to the mother at a pay rate of $20 per hour, rather than minimum wage. The rate of pay advanced by the father is based upon the pay the mother receives in her administrative position. However, she definitively testified that full-time employment is unavailable in that role. Based upon this, and considering the mother's employment history, the Support Magistrate articulated that imputation of full-time income at minimum wage was warranted. The record supports that calculation and, deferring to the Support Magistrate's credibility determinations, we find no abuse of discretion in declining to impute additional income to the mother (see Matter of Zwicklbauer v Hannigan, 232 AD3d 1138, 1142 [3d Dept 2024]; Matter of Susko v Susko, 181 AD3d 1016, 1022 [3d Dept 2020]).
We are similarly unpersuaded by the father's challenges under step three of the CSSA. The Support Magistrate concluded that an award of child support beyond the statutory cap was warranted in consideration of the previous agreement between the parties utilizing income above the statutory cap, the mother's income being substantially less than the father's, as well as the availability of the father's current wife's income as a resource to him for expenses associated with their shared home. Based upon this, the Support Magistrate analyzed the factors set forth in Family Ct Act § 413 (1) (f), and we do not find it to be an abuse of discretion to award child support above the statutory cap (see Matter of Zwicklbauer v Hannigan, 232 AD3d at 1142; Kimberly C. v Christopher C., 155 AD3d 1329, 1332-1333 [3d Dept 2017]; compare Headwell v Headwell, 198 AD3d 1130, 1133 [3d Dept 2021]). The father additionally asserts that the current support obligations are unjust or inappropriate because of his extensive parenting time. However, it is well settled that "the noncustodial parent's child support obligation is not reduced based upon the amount of time he or she actually spends with the children" (Heber v Heber, 237 [*4]AD3d 1276, 1278 [3d Dept 2025] [internal quotation marks, brackets and citation omitted]). Despite that the father has substantial parenting time, he also has far greater financial resources. As a result, we find nothing unjust or inappropriate and no abuse of discretion in the amount of the award.
The father's remaining arguments, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.
Aarons, J.P., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father claims that a corrected order must be issued based upon an apparent inconsistency with respect to his support obligation between the Support Magistrate's findings of fact and order modifying support. However, the reading of these documents contravenes this assertion. The findings of fact indicate that the father's pro rata share of the basic support obligation is $1,621 biweekly, less the mother's share of the children's health insurance premiums of $14.90 biweekly, resulting in a support obligation of $1,606.10 biweekly. By comparison, the order modifying support, as well as the appended itemization, sets forth that the father's basic support obligation is $1,621 biweekly, and that the mother is responsible for 14% of the children's unreimbursed health related expenses, including the health insurance premium. In this respect, the order modifying support is less detailed yet not inconsistent with the findings of fact.

Footnote 2: Although the father's notice of appeal makes mention of the Support Magistrate's orders, he may not appeal therefrom as those orders were superseded by Family Court's order denying the objections (see Matter of Jordan v Horstmeyer, 152 AD3d 1097, 1097 [3d Dept 2017]).

Footnote 3: The father does not take issue with the Support Magistrate's calculations under the second step and, therefore, we need not extrapolate upon this point.